452 So.2d 1135 (1984)
STATE of Florida, Appellant,
v.
Edward A. COKER, Appellee.
No. 83-2605.
District Court of Appeal of Florida, Second District.
July 18, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
*1136 Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Judge.
The state appeals from an order granting the appellee's motion to dismiss. We reverse.
The appellee, Edward A. Coker, was charged with violating section 893.13(3)(a)(1), Florida Statutes (1983), which makes it unlawful for any person: "(1) to acquire or obtain, or attempt to acquire or obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge."
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the appellee filed a motion to dismiss the information on the ground that there were no material disputed facts and that the undisputed facts failed to establish a prima facie case of guilt. He alleged that on July 6, 1983, Dr. William Priest wrote and delivered to him a prescription for a controlled substance, vicodin, which contains dihydiocodein. Appellee filled the prescription that same day. The following day, appellee returned to the doctor's office and requested a new prescription. He informed Dr. Priest that his mother had washed and destroyed the original prescription. The doctor refused to issue a new prescription. Appellee was subsequently arrested for attempting to obtain a controlled substance by fraud.
The motion to dismiss also admitted that appellee had been untruthful with Dr. Priest regarding the destruction of his prescription and that his untruthful statement had been made for the express purpose of obtaining another prescription for a controlled substance. The motion further alleged that appellee had never abandoned his attempt to obtain the new prescription.
The state filed a traverse for the sole purpose of adding facts. The traverse alleged that appellee had admitted lying to the doctor in order to obtain more vicodin, had not abandoned his attempt to obtain drugs by fraud, and had been unsuccessful in obtaining a new prescription only because of Dr. Priest's suspicions.
The trial court granted the appellee's motion to dismiss the information and this appeal timely followed.
An attempt to commit a crime consists of two essential elements: a specific intent to commit the crime, and an overt act, beyond mere preparation, done toward its commission. The intent and the act must be such that they would have resulted, but for the interference of some cause preventing the carrying out of the intent, in the completed commission of the crime. Adams v. Murphy, 394 So.2d 411 (Fla. 1981). This definition has been incorporated into the General Attempt Statute, section 777.04, Florida Statutes (1983). Adams.
The appellee does not contend that the allegations in the motion and traverse fail to establish the necessary intent; rather, he argues that there was no overt act toward the commission of the offense.
Under the circumstances of this case, appellee's untruthfulness with reference to the destruction of the prescription, made for the express purpose of obtaining another prescription, constituted an overt act done toward the commission of the crime; accordingly, the court erred in dismissing the charges filed against the appellee.
Preparation generally consists of devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after preparations are completed. 21 AM.JUR.2d Criminal Law § 159 (1981). The act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime. Some appreciable fragment of the crime must be committed and it must proceed to the point that the crime would be consummated unless interrupted by a circumstance independent of the attemptor's will. Robinson v. State, 263 So.2d 595 (Fla. 3d DCA 1972); Groneau v. State, 201 So.2d 599 (Fla. 4th *1137 DCA), cert. denied, 207 So.2d 452 (Fla. 1967). The act need not be, however, the ultimate, the last proximate, or the last possible act toward consummation of the crime. State v. Thomas, 438 S.W.2d 441 (Mo. 1969).
If the appellee had been apprehended at his home while dressing to go to the doctor's office, or while getting into his car to leave for the doctor's office, he would have been involved in the preparation for, as opposed to the commission of, an overt act. See Mercer v. State, 347 So.2d 733 (Fla. 4th DCA 1977). Appellee's untruthful statement to the doctor, however, was made with the express purpose of obtaining another prescription; he therefore committed an overt act toward the commission of a crime. Although the receipt of the prescription would not have amounted to receipt of the controlled substance, a prescription is the written representation of a drug; it enables its possessor to claim physical custody and control over the prescribed drug. United States v. Tighe, 551 F.2d 18 (3d Cir.), cert. denied, 434 U.S. 823, 98 S.Ct. 68, 54 L.Ed.2d 80 (1977). Therefore, even though appellee's representation was not the last possible act toward consummation of the crime he was attempting to perpetrate, the crime would have been consummated had it not been interrupted by a circumstance independent of his will, i.e., Dr. Priest's suspicions.
See State v. Logan, 59 Nev. 24, 83 P.2d 1035 (1938) (the defendant took a false prescription to a drug store, asked how much it would cost to have the prescription filled, left it with the clerk, and then departed); State v. Basinow, 121 N.H. 815, 435 A.2d 829 (1981) (the defendant photocopied a valid prescription in order to obtain more drugs than he was entitled to under the prescription); Schroer v. State, 159 Ind. App. 522, 307 N.E.2d 887 (1974) (the defendant responded to a call from a druggist to pick up a prescription delivered to the druggist by someone else).
Accordingly, the order dismissing the information filed herein is reversed and the cause is remanded for further proceedings consistent with this opinion.
RYDER, C.J., and LEHAN, J., concur.