556 So.2d 523 (1990)
Michael MOREHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-80.
District Court of Appeal of Florida, Fifth District.
February 8, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin and Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, for appellee.
*524 COWART, Judge.
Defendant appeals his convictions for conspiracy to commit escape and escape.[1]
Defendant was charged with conspiracy to commit escape occurring on April 17, 1988. Defendant challenges his conviction on this count, claiming the trial court erred in denying his motion for directed verdict of acquittal which was predicated on the alleged lack of evidence of an agreement to commit the offense of escape. However, ample evidence exists, particularly in the form of admissions by defendant to other inmates, which together with other evidence, was sufficient to show the existence of a conspiracy.
Defendant was also charged with escape in violation of section 944.40, Florida Statutes, which provides:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
The second amended information charged:

CHARGE: ESCAPE, in violation of F.S. 944.40

SPECIFICATIONS OF CHARGE: In that MICHAEL JAMES MOREHEAD, on or between the 17th day of April, 1988 and the 20th day of April, 1988, within Volusia County, Florida, while a prisoner confined in the Tomoka Correctional Institute, did then and there escape or attempt to escape from such lawful confinement.
There can be no dispute as to the fact that the State did not establish a completed escape and, indeed, the State pursued the charge on an attempted escape theory. The conviction under this count then can be sustained, if at all, only on an attempted escape basis. See Keel v. State, 438 So.2d 850 (Fla. 1st DCA 1983), cause dismissed, 443 So.2d 979 (1983) (attempted escape is distinct crime under s. 944.40).
In every attempt, there are three essential elements: (1) a specific intent to commit a particular crime (here escape from lawful confinement); (2) some actual overt step taken, or some overt act done, to actually commit the crime, and (3) a failure to accomplish the intent. See 1 W. Burdick, Law of Crime, § 103 (1946). See Thomas v. State, 531 So.2d 708 (Fla. 1988); Gustine v. State, 86 Fla. 24, 97 So. 207 (1923). These are essentially the elements of the statutory definition of the crime of attempt as set forth in section 777.04(1), Florida Statutes. The act in an attempt is known as an "overt act" and an information charging an attempt must allege facts showing an overt act. Pittman v. State, 47 So.2d 691 (Fla. 1950); Taylor v. Chapman, 127 Fla. 401, 173 So. 143 (1937). The State here was actually charging attempted escape and as such, should have specified an overt act.[2] However, even if the State had alleged an overt act, it did not prove an overt act.
"Overt" means open, apparent and an "overt act" denotes some outward act in manifest pursuance of a design or intent to commit a particular crime. 1 Burdick, Law of Crime, § 103. The "overt act" must be adapted to effect the intent to commit the particular crime but must be more than mere preparation. Gustine, 97 So. at 208. Preparation generally consists of devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward *525 the commission after preparations are completed. State v. Coker, 452 So.2d 1135 (Fla. 2d DCA 1984). The overt act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime.[3]Coker.
In urging an overt act, the State relied below on two acts of preparation apparently relating to two different plans to escape. (1) Defendant's act of intentionally cutting his hand in order to obtain medical treatment off the prison grounds where he hoped his girl friend would meet him with a gun and help him escape from the custody of his prison guard. The girl friend did not appear, no attempt was made to escape, and the defendant was returned to the confinement facility without the guard knowing of the failed escape plan. (2) Causing a confederate to introduce a gun onto the prison grounds apparently for the defendant to use to escape from the prison. The gun was found by guards and never came into the defendant's possession. Insofar as the crime of attempted escape is concerned, neither act amounted to an overt act beyond mere preparation. See generally, 4 Whartons' Criminal Law, § 668. No escape attempt occurred as a result of either act of preparation. Neither act reflects a step done in actual commission of an escape. Compare State v. Rentschler, 444 S.W.2d 453 (Mo. 1969); Fisher v. State, 156 Ind. App. 18, 294 N.E.2d 632 (1973). The trial court should have granted defendant's motion for directed verdict as to the [attempted] escape count and defendant's conviction for escape is, accordingly, reversed.
AFFIRMED in part; REVERSED in part.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] Defendant was also convicted of conspiracy to introduce a firearm into a correctional facility but does not challenge that conviction on appeal.
[2] Given Keel v. State and the clear absence of any evidence whatsoever of a completed escape, defendant's trial counsel should have moved pre-trial, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), to eliminate the charge of a completed escape, and to thereby narrow the charge to be tried, to attempted escape.
[3] Cf. Hyde v. United States, 225 U.S. 347, 388, 32 S.Ct. 793, 810, 56 L.Ed. 1114 (1912) (wherein Holmes, J., dissenting, stated "There must be dangerous proximity to success.")