595 So.2d 109 (1992)
Louis J. TICKNOR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00023.
District Court of Appeal of Florida, Second District.
February 7, 1992.
Rehearing Denied March 26, 1992.
*110 James Marion Moorman, Public Defender, Bartow, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Louis Ticknor appeals his judgments and sentences for sexual battery on a child of less than twelve years of age and attempted sexual battery. We affirm the judgment and sentence for sexual battery. We, however, reverse the attempted sexual battery conviction, concluding that the state failed to present competent evidence to support this conviction.
The state, in count one of the amended information, charged Ticknor with sexual battery on a child less than twelve years of age, alleging that he placed his finger in the vagina and anus of the victim. The jury found him guilty as charged, and the trial court entered a judgment and sentence. We affirm this conviction.
In count two of the amended information, the state charged that Ticknor "attempt[ed] to commit a sexual battery upon [the victim], a child less than 12 years of age by attempting to place his penis into or in union with the vagina of [the victim]." Two elements are required to convict a defendant of an attempt to commit an offense. These elements are (1) the specific intent to commit the offense and (2) a separate overt act done toward the commission of the offense, which is interrupted by some circumstance not caused by the perpetrator. State v. Coker, 452 So.2d 1135 (Fla. 2d DCA 1984). The victim testified that she closed her knees when Ticknor, standing over her in his underwear, moved toward her and stated, "Isn't this what you want... ." The victim further testified that she did not see Ticknor put any clothes on or take any off during this period of time. We conclude that the victim's testimony was insufficient to establish the elements of attempted sexual battery.
The state also presented the testimony of the detective who interviewed the victim after she made the aforementioned allegations. The detective testified that the victim had told her that Ticknor rubbed his penis against her vaginal area and that she closed her knees in an attempt to stop Ticknor. Unsworn, uncorroborated statements that are inconsistent with the victim's trial testimony, however, are insufficient as a matter of law to sustain a conviction. See Williams v. State, 560 So.2d 1304 (Fla. 1st DCA 1990).
Based on the above, we reverse the attempted sexual battery conviction for insufficient evidence and remand this case to the trial court to dismiss the attempted sexual battery charge. Mr. Ticknor need not be present because his conviction and sentence under count one of the amended information remains undisturbed in this opinion.
Affirmed in part; reversed in part and remanded with directions to the trial court.
LEHAN, A.C.J., and THREADGILL and PARKER, JJ., concur.