STONE, Chief Judge.
We reverse an order, entered pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, dismissing count I of the information charging attempted murder. The state’s traverse denied material allegations of the sworn motion to dismiss and set forth allegations on each element of the charge. See State v. Weinstein, 623 So.2d 835, 836 (Fla. 4th DCA 1993); State v. Gale, 575 So.2d 760, 761 (Fla. 4th DCA 1991); State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984).
The Appellee’s motion to dismiss alleges that there were no disputed facts and that the following undisputed facts do not establish a prima facie case: Appellee was a *590 student; on the day in question, prior to going to school, he told witnesses that he was going to kill the assistant principal; he brought to school a bag containing a change of clothes and other items which, according to the motion, were for changing to go to a party after school. Appellee saw the victim before class while armed with both guns, but no assault was undertaken at that time. Ap-pellee was taken into custody by school officials during his first class, and the offending firearms were found on his person.
The state, in traversing, alleged that Ap-pellee’s motion to dismiss was directed to his state of mind at the time of the offense. The state disputed Appellee’s assertion that he took the change of clothing and food to school merely because he planned to go to a party. Rather, the state contends that Ap-pellee filled the book bag with clothes and food to facilitate his escape upon killing the assistant principal. The state disputed the relevance of many aspects of the motion, and added claims that Appellee stole a key to a gun cabinet and used it to steal the guns and ammunition; he carried and concealed the stolen guns and stolen ammunition on his person; he solicited another to commit the premeditated murder; he filled the bag with clothes, food, and yet another weapon; he rejected pleas to abandon his attempt to commit premeditated murder; he entered the place of employment of the intended victim with the two loaded firearms, a knife (in the book bag) and escape supplies, despite prohibitions of such conduct on school premises; he stashed the escape supplies at a separate location on campus, to be retrieved and used post-murder; and he waited, fully armed, yet with deadly weapons concealed, for the time to come when he knew that his target would be at his assigned station in a public hallway. The state further asserts that the murder plan was not voluntarily abandoned, as its completion was only prevented by the timely intervention of the officers.
To support a charge of attempt, there must be evidence of an overt act going beyond mere preparation which manifests pursuit of a design or intent to commit a crime. See Thomas v. State, 531 So.2d 708, 710 (Fla.1988); Morehead v. State, 556 So.2d 523, 524-25 (Fla. 5th DCA 1990). In More-head, the court described “preparation” as arranging the means necessary to commit the crime. The criminal attempt occurs, after preparation, when there is direct movement towards the ultimate commission of the crime. Id. at 524. The defendant’s conduct, to constitute an attempt, “must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime.” Id. at 525. There the court determined that the defendant’s acts on two different occasions, of cutting his hand, on one occasion, so that he would be taken off the premises and of having someone hide a gun on prison premises, on another, were separately insufficient to constitute an attempted escape. Id.
In McMillian v. State, 609 So.2d 721 (Fla. 5th DCA 1992), applying the Morehead definition, evidence was held sufficient to sustain an attempted murder conviction where, after threatening to kill his estranged wife, the defendant was apprehended while apparently lying in wait with a loaded rifle 100 feet from her parked car at her place of work. The court concluded that the defendant’s acts went beyond mere preparation and were sufficient to prove intent to commit the offense. Id. at 722.
In Thomas, the supreme court discussed the issue of attempt in the context of determining the sufficiency of a charge of possessing a burglary tool. There, the defendant had entered the neighborhood to commit a burglary but was arrested before being able to perpetrate the crime. He was found wearing a pair of socks over his hands and carrying a screwdriver. At trial, the court granted the defendant’s motion to dismiss because without the defendant’s confession, there was insufficient evidence to establish a corpus delicti. On appeal, this court had reversed, concluding that the totality of the circumstances sufficiently established the corpus delicti and that possessing a screwdriver with intent to commit a burglary was sufficient for a conviction. 531 So.2d at 709.
In discussing the problem of determining a defendant’s intent to commit a burglary, pri- *591 or to its commission, the supreme court recognized that:
[s]imilar concerns have been raised and answered under the common law theory of attempts, and we believe the problem before us today is better resolved by resort to those principles. Indeed, we conclude that the burglary tool statute actually describes and prohibits a crime in the nature of an attempt. In effect, it criminalizes an attempt to commit a burglary ... which is discerned through the possession of tools or devices coupled with the defendant’s intent to use those tools in the commissior. of the crime.

Id.

The Thomas court recognized that an attempt exists only when there is “an intent to commit a crime, coupled with an overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design.” Id. at 709-10 (quoting Gustine v. State, 86 Fla. 24, 97 So. 207, 208 (1928)). Thus, two general elements are needed to establish an attempt: a specific intent to commit a particular crime, and an overt act toward its commission. The overt act must manifest the specific intent.
In approving this court’s decision, the supreme court, in Thomas, held the evidence stated a prima facie case even without the petitioner’s confession because the petitioner’s activity constituted evidence of an overt act from which the requisite intent might be inferred by a jury. Id. at 711. Although in that ease the finding of sufficient evidence to establish a corpus delicti was made to allow a confession to be used, here the same reasoning leads to the conclusion that the evidence is sufficient to withstand a motion to dismiss.
Therefore, the order is reversed and the cause remanded for further proceedings.
POLEN and STEVENSON, JJ., concur.