709 So.2d 580 (1998)
STATE of Florida, Appellant,
v.
Louis A. DUKE, Appellee.
No. 96-3339.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, Carmen F. Corrente and David *581 H. Foxman, Assistant Attorneys General, Daytona Beach, for Appellant.
Gus R. Benitez and Roger B. Butcher of Benitez & Butcher, P.A., Orlando, for Appellee.
W. SHARP, Judge.
The state appeals from an order of the trial court which granted a new trial in a criminal case. We are of the opinion that the trial court should have directed a verdict for the defendant, Duke, on the ground that the criminal charges in this case were not proved by sufficient evidence. Accordingly, we reverse and direct that a judgment of acquittal be entered for the appellee, Duke.
Duke was charged with three counts of attempted sexual battery on a child pursuant to sections 800.04(3); 777.04, Florida Statutes (1995). Section 794.011(1)(h) provides:
`Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another by any other object;....
With regard to attempt, section 777.04 provides:
(1) A person who attempts to commit an offense prohibited by law and in such attempt does any act towards the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt, ...
The evidence at trial established that Duke communicated on the Internet with a person he thought was a twelve-year-old girl using the name "Niki 012" from Orlando. In fact, the person was an adult male, Detective Irwin, assigned to the Orange County Sex Crimes Unit, who was surfing the Internet "chat rooms" looking for persons attempting to solicit children for sexual acts. Duke and "Niki" had a number of conversations on a number of different days. They discussed participating in various sexual acts in explicit terms.
"Niki" told Duke her mother would be away from home one night and they made plans for Duke to come to her home at a certain time. He was given directions to a parking lot where "Niki" was supposed to meet him. He was also told to flash his car lights so "Niki" would recognize the car. The plan was that she would take him to her home, and they would engage in various sex acts, including cunnilingus, fellatio and perhaps intercourse. As soon as Duke arrived in the parking lot and flashed his lights, he was arrested.
The issue which the state urges us to address in this case, despite this case's procedural posture, is whether Duke's conversations with "Niki," his arrangements to have sex with her, and his arrival in the parking lot to rendezvous with her rise to the level of a sufficient overt act to sustain his conviction for attempted sexual battery. The trial court denied Duke's motion for judgment notwithstanding the verdict,[1] but it granted a new trial based on two grounds:[2] 1) erroneous jury instructions were given; and 2) the verdict was contrary to the law and weight of the evidence. The new trial order appears as part of the court minutes, in this record. It is signed by the trial judge and it references arguments that defense counsel made in his motion for a new trial with which the court agreed, and it also references the ones which the court ruled were insufficient.
The procedural problem in this case is the fact that defense counsel did not cross-appeal the trial court's denial of his motion for arrest of judgment or judgment of acquittal. Technically, the only order being appealed in this case is the judge's order granting a new trial. One ground, that the instructions given to the jury defining the terms lewd and lascivious should not have been given because that conduct does not apply to the charges in this case, we think was sufficient to merit a new trial. We could simply affirm on that basis.
However, we find the evidence adduced at trial was insufficient to warrant Duke's conviction of attempted sexual battery. Ticknor v. State, 595 So.2d 109 (Fla. 2d DCA 1992). See also Rogers v. State, 660 So.2d 237, 241 (Fla.1995); Thomas v. State, 531 So.2d 708, *582 709 (Fla.1988); Smith v. State, 632 So.2d 644, 646 (Fla. 1st DCA 1994). We think this issue is sufficiently raised in this case, and because the state has urged us to address it, we do.
Morehead v. State, 556 So.2d 523 (Fla. 5th DCA 1990) is a controlling decision in this case. In Morehead, this court held that in order to prove an attempt crime, some actual overt step must be taken or an act in furtherance of committing the crime must be done. The overt act must reach far enough towards accomplishing the attempted crime as to amount to commencement of consummation of the crime. Morehead, at 524-25. The overt act must go beyond preparation and planning. Rogers; Thomas; State v. Coker, 452 So.2d 1135, 1136-37 (Fla. 2d DCA 1984).
In Morehead, the defendant was charged with attempting to escape from the Tomoka Correctional Institute. The state relied on two acts of preparation to establish attempt: the defendant cut his hand to obtain medical treatment off prison grounds, with the plan that his girlfriend would meet him with a gun and help him escape; and he caused a confederate to slip him a gun in the prison, for use in another planned escape effort. The girlfriend and the gun never materialized. This court held that the defendant's escape plans and efforts to implement them did not progress beyond mere preparation and thus did not constitute attempted escape.
In this case, we do not think the proven conduct undertaken by Duke reached the level of an overt act leading to the commission of sexual battery as required by section 777.04(1). He discussed sexual acts with "Niki," he intended to commit them with Niki, he planned an occasion where he could carry out those acts, and he arrived at a prearranged meeting point. But we conclude that is not enough to constitute an attempt to commit a sexual battery. We note the difficulty in policing the Internet, and the challenges the cyber world poses to preventing criminal acts against children. This may be an area the Legislature needs to address specifically.
Accordingly, we quash the order granting a new trial and direct that a judgment of acquittal be entered.
Order QUASHED; REMANDED for Entry of Judgment of Acquittal.
GRIFFIN, C.J., concurs.
HARRIS, J., concurs and concurs specially with opinion.
HARRIS, Judge, concurring specially.
I concur with Judge Sharp that an attempt to commit sexual battery was not proved in this case. It is difficult to see how, under Morehead v. State, 556 So.2d 523 (Fla. 5th DCA 1990), an attempt to commit sexual battery could occur when the victim was not even present. An attempt is not a "one crime fits all facts" offense. But that does not mean that Florida is helpless to protect our children from adult predators. It is a federal offense to cross a state line for the purpose of having sex with a minor.[1] This lends some protection against out-of-state internet predators. It appears that Florida has now criminalized the use of a computer to solicit sex from a minor or from a person believed to be a minor.[2] Unfortunately, this matter arose before the effective date of the new offense. In any event, there must be a limit on the reach of attempts or else the crime of attempt will cease to have meaning.
NOTES
[1] Fla. R.Crim. P. 3.160.
[2] Fla. R.Crim. P. 3.600.
[1] 18 U.S.C. § 2423(b) (1994). See U.S. v. Young, 131 F.3d 138 (4th Cir.1997).
[2] Section 847.0135(3), Florida Statutes (Supp. 1996).