LAWRENCE, Judge.
Frederick Dale Griffin (Griffin) appeals his judgment and sentence for trafficking in more than 28 but less than 200 grams of cocaine, after entering a plea of nolo conten-dere. Griffin reserved the right to appeal any dispositive issues. We affirm.
We find only two of the several issues raised by Griffin to be dispositive and therefore limit our consideration to those two issues. Brown v. State, 376 So.2d 382 (Fla.1979).
Griffin argues that the trial court erred in denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), to dismiss the charge of trafficking in 400 or more grams of cocaine. Rule 3.190(c)(4) provides that a court may entertain a motion to dismiss when “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” Griffin thus, in order to prevail on such a motion, must allege undisputed material facts, and show that the undisputed facts do not establish a prima facie ease. State v. Parrish, 567 So.2d 461 (Fla. 1st DCA 1990). This court is re *1196 quired to review the trial court’s ruling resolving inferences from all facts in the light most favorable to the State. Boler v. State, 678 So.2d 319 (Fla.1996); Parrish. This court moreover must determine, not whether a jury would find a defendant guilty of the charged[1] crime but, rather, whether the facts could be sufficient for a jury to convict a defendant. State v. Knight, 622 So.2d 188 (Fla. 1st DCA 1993).
The trial judge properly denied Griffin’s (c)(4) motion. The material facts in the instant case are disputed, as evidenced by the State’s traverse.[1]
Griffin also argues that his motion to suppress items found in the Milton apartment leased to his girlfriend, Lairy, should have been granted because the search warrant was not sufficient to provide probable cause. The Florida Supreme Court, evaluating a warrant’s sufficiency, tells us:
[W]e have defined “probable cause” as a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person in the belief that the person is guilty of the offense charged. The reasons cited by the police must be sufficient to create a reasonable belief that a crime has been committed. As long as the neutral magistrate has a substantial basis for concluding that a search would uncover evidence of wrongdoing, the requirement of probable cause is satisfied. In the same vein, the United States Supreme Court has noted:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... concluding], that probable cause existed.
Confining our inquiry entirely to the four corners of the affidavit, as required by íaw, the next question is whether the factual allegations created a substantial basis for concluding that probable cause existed. We believe they did.
Schmitt v. State, 590 So.2d 404, 409 (Fla.1991) (citations omitted) (emphasis added). The trial judge’s ruling on the sufficiency of the instant warrant is grounded on a substantial basis for concluding that probable cause existed to search the Milton apartment. The affidavit of a narcotics agent with five years experience in drug interdiction alleges that “U.S. currency and records of drug transactions” will be found in an apartment registered to Katrina Lairy; that a reliable confidential informant, listening to a Griffin conversation, learned that Griffin is supplying cocaine to named persons in Milton out of the Lairy apartment; that Griffin’s vehicle was parked at Lairy’s apartment; and that intercepted phone conversations from Lairy’s phone indicated that money would soon be exchanged for cocaine.
The trial judge thus properly denied Griffin’s motion to suppress challenging the sufficiency of the probable cause allegations forming the basis for issuance of the search warrant. Schmitt.
We accordingly affirm the judgment and sentence entered by the trial court.
AFFIRMED.
BARFIELD, C.J., and ALLEN, J., concur.

. The State’s traverse alleges that material facts are put in dispute by the depositions of Boone and Lairy. The deposition of Boone shows that Griffin used an apartment to operate a "cook house” for the manufacture of cocaine. Boone testified that he made several trips to Miami with Griffin to buy cocaine; on each trip they purchased a quarter or a whole kilo. Boone taught Griffin how to cook cocaine to make crack, including the use of a technique to increase the volume of the crack. Boone testified that his volume-increasing technique is unique. Evidence of the volume-increasing technique, a beaker with Griffin’s prints on it, baking soda, and bags containing cocaine residue were found in the apartment Laity rented at Griffin’s request. The incriminating items found moreover were the only items found in the kitchen. The deposition of Lairy shows that she knew Griffin a short time when Griffin asked her to rent the apartment; she leased the apartment in her own name because Griffin told her he "had bad credit.”