816 So.2d 745 (2002)
Joseph WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3411.
District Court of Appeal of Florida, Fourth District.
May 8, 2002.
*746 John Olea of Richard G. Lubin, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura and Sue Ellen Kenny, Assistant Attorney Generals, West Palm Beach, for appellee.
STONE, J.
We affirm Joseph Wiggins' (Wiggins) conviction for the offense of attempted lewd assault.
The facts are undisputed. Wiggins, 54, a next door neighbor of the victim, a 14 year old girl, gave her a ride to a friend's house. As she got out of the car, Wiggins handed her two $5 bills wrapped around a letter marked "Private." The letter read:
[Victim], You are so very fine. Call me Monday around 8:15 A.M. when I am alone, then come over for a ride to school. I'll pay you fifty dollars to just lick your pussy, then take you to school. You know that any time you've wanted something that I was always there for you. I would never hurt you, I just want to lick you, [victim]. Come over & see me Monday when I am alone.
The girl later showed the letter to law enforcement authorities and Wiggins was charged with attempting to handle, fondle, or assault a child under the age of 16 years old in a lewd, lascivious, or indecent manner in violation of sections 777.04(1) and 800.04(1), Florida Statutes (2000). Following an order denying his motion to dismiss the charge, Wiggins entered a plea of no contest, preserving the issue for appeal. Wiggins argues that the facts are insufficient for a finding of attempt because he did not take an overt step towards the commission of a lewd or lascivious act.
On review of a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), it is the duty of this court to *747 determine "not whether a jury would find a defendant guilty of the charged crime, but, rather whether the facts could be sufficient for a jury to convict a defendant." Griffin v. State, 711 So.2d 1195, 1196 (Fla. 1st DCA 1998). We conclude that the facts in this case are sufficient for a jury to convict Wiggins of the attempt charge.
In order to attempt to commit a crime, there must be specific intent to commit a particular crime and an overt act toward its commission. Geldreich v. State, 763 So.2d 1114, 1118 (Fla. 4th DCA 1999). Here, the issue of intent is not in dispute where Wiggins concedes that the contents of the letter manifest the specific intent to commit a lewd and lascivious act on the victim. The issue, here, is whether personally handing the note to her in privacy, along with $10, was enough to constitute an overt act.
To constitute an overt act, the act must go beyond mere preparation. State v. Walker, 705 So.2d 589, 590 (Fla. 4th DCA 1997). "Some appreciable fragment of the crime must be committed and it must proceed to the point that the crime would be consummated unless interrupted by a circumstance independent of the attemptor's will." State v. Coker, 452 So.2d 1135, 1136 (Fla. 2d DCA 1984). However, the act does not have to be the ultimate or last possible act toward consummation of the crime. Id. at 1137. Furthermore, in the cases of child molestation, courts have chosen to draw an early line in recognizing behavior as an attempt. Hudson v. State, 745 So.2d 997, 1000 (Fla. 2d DCA 1999); see Smith v. State, 632 So.2d 644 (Fla. 1st DCA 1994)(holding that repeatedly driving by young girls and shouting vulgar requests for sex constituted sufficient overt act for charge of attempted lewd and lascivious act).
In Hudson, the appellant had posted a personal advertisement in a pornographic magazine. A police detective responded to the advertisement, posing as a 14 year old boy named "Larry." Over the next several weeks, the appellant communicated with "Larry" until finally the appellant purchased a plane ticket for "Larry" and arranged for "Larry's" transportation from the airport to the appellant's home. Id. at 999. On the scheduled day, "Larry" arrived in a taxi. When the appellant went to greet him, he was arrested and charged with attempted lewd and lascivious act.
On Hudson's appeal from the denial of his motion to dismiss, the issue was whether he took an overt step toward commission of the crime. The court recognized that the line between preparatory acts and overt acts is difficult to draw and is case specific. However, the court decided that the attempt charge, there, was supported by an overt act. Id. at 1000.
Here, Wiggins, like the appellant in Hudson, committed an overt act toward the commission of a lewd act. Wiggins handed the child under 16 a note that not only manifested his intent to commit the act, but also contained detailed instructions on where and when the lewd act was to take place. Furthermore, along with the note, Wiggins included $10 that could reasonably be inferred to be a partial payment of the promised $50 or other inducement. Thus, like in Hudson, Wiggins had made all the necessary arrangements for the lewd act to take place and there was direct movement toward the ultimate commission of the crime.
We recognize that in the area of child molestation, the line between preparatory acts and overt acts is difficult to draw and tends to be case specific. See id. at 1000. Thus, we are not persuaded to reach a different conclusion based on State v. Duke, 709 So.2d 580 (Fla. 5th DCA 1998).
*748 Similar to Hudson, Duke involved a situation where the appellee was communicating over the Internet with an undercover detective posing as a minor named "Niki." The appellee arranged to meet "Niki" in a parking lot upon which the plan was that the two would return to "Niki's" home and engage in various sexual acts. Id. at 581. The appellee was to signal his arrival in the parking lot by flashing his headlights. When the appellee did so upon arriving, he was arrested. On the state's appeal from an order granting the appellee a new trial, the issue was whether the evidence adduced at trial was sufficient to warrant the appellee's conviction of attempted sexual battery. Id. The appellate court determined that discussing sexual acts with "Niki," planning an occasion when those acts would be carried out, and arriving at the pre-arranged meeting point were not enough to constitute an overt act to support a charge of attempt. Id. at 582.
We deem Duke inapposite. The defendant in Duke was charged with attempted sexual battery. That crime is clearly distinct from a charge of attempted lewd and lascivious act. We also note that the different result reached in Duke from that in Hudson underscores the principle that even when two cases contain similar circumstances, what is or is not an overt act is very case specific.
In sum, we conclude that the trial court did not err in recognizing that Wiggins' conduct could be sufficient for a jury to find an overt act that would support the charge of attempted lewd act. Therefore, the adjudication on that offense is affirmed.
SHAHOOD, J., concurs.
TAYLOR, J., concurs specially with opinion.
TAYLOR, J., specially concurring.
I concur with the majority that appellant's conduct constitutes sufficient overt acts for an attempted lewd assault. I write only to point out that appellant's conduct in making a request and payment for sex is expressly covered under section 800.04(6)(a)2., Florida Statutes (1999). This section defines lewd and lascivious conduct as the solicitation of a person under 16 years of age to commit a lewd or lascivious act. Solicitation is the offer of money or other inducements to a person to have sex with the offeror. See Kobel v. State, 745 So.2d 979, 981 (Fla. 4th DCA 1999)(citing Register v. State, 715 So.2d 274 (Fla. 1st DCA 1998)). Consistent with the legislative goal of protecting children from sexual abuse and exploitation, section 800.04(6)(b) classifies a lewd or lascivious offense committed by a person 18 years of age or older a second degree felony.