EISNAUGLE, J.
We grant Appellant Christopher M. Berger's motion for rehearing en banc, withdraw our previous per curiam decision, and substitute the following opinion in its place.
Appellant appeals his convictions for traveling to meet a minor for illegal sexual conduct and attempted sexual battery on a person under twelve years of age. We write only to address Appellant's argument that the trial court erred when it denied his motion for judgment of acquittal on the charge of attempted sexual battery because he did not commit an overt act, relying on our decision in State v. Duke , 709 So.2d 580 (Fla. 5th DCA 1998). We conclude that Appellant committed an overt act, recede from Duke , and affirm.
The Undercover Law Enforcement Operation
Appellant responded to an advertisement on Craigslist for a sexual encounter with a man and woman. Although the ad itself made no reference to a minor, it was posted as part of an undercover sting operation looking for child predators.
A detective, posing as the father of a ten-year-old girl, responded to Appellant's e-mail explaining that he was looking for someone who would teach his ten-year-old daughter about sex. Although Appellant emphasizes that he initially thought he was responding to an ad for an encounter with an adult couple, he nevertheless promptly indicated his interest in the detective's proposal, stating "[w]hile your request may be unusual by most people's standards," "I am very intrigued" and "am [a] very open-minded and a nonjudgmental person."
Over the course of his e-mail conversation with the detective, Appellant was quite specific about the sexual acts he would perform with the child. Appellant then spoke with the detective twice by phone about both the logistics of his drive from north of Ocala to Clermont and the specific sexual acts that he intended to perform with the child. Appellant also promised that he would bring "protection."
Appellant drove more than an hour to a decoy residence in Clermont being used by law enforcement, knocked on the door, and was immediately arrested. He had three condoms in his pocket.
Florida Law: Criminal Attempt and Overt Acts
In Florida, a person commits the offense of criminal attempt if he or she "does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." § 777.04(1), Fla. Stat. (2015). Thus, "the two elements comprising an attempt to commit a crime are (1) a specific intent to commit the crime and (2) an overt act done toward its commission that is beyond mere preparation." Mizner v. State , 154 So.3d 391, 397 (Fla. 2d DCA 2014) (quoting Enix v. State , 69 So.3d 354, 357 (Fla. 2d DCA 2011) ). "[T]he line between preparatory acts and overt acts is *935 difficult to draw and tends to be case specific." Id. (alteration in original) (quoting Hudson v. State , 745 So.2d 997, 1000 (Fla. 2d DCA 1999) ). The second district has explained the difference between mere preparation and overt acts as follows:
Preparation generally consists of devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after preparations are completed. The act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime. Some appreciable fragment of the crime must be committed and it must proceed to the point that the crime would be consummated unless interrupted by a circumstance independent of the attemptor's will.
State v. Coker , 452 So.2d 1135, 1136 (Fla. 2d DCA 1984) (citations omitted). Importantly, "[t]he act need not be ... the ultimate, the last proximate, or the last possible act toward consummation of the crime." Id. at 1137 (citation omitted).
Duke and Its Application
More than twenty years ago in Duke , we reversed the defendant's conviction for attempted sexual battery because we concluded that the defendant had not committed an overt act. 709 So.2d at 582. In that case, the defendant agreed to meet a person he believed was a minor for a sexual encounter. Id. at 581. After meeting the victim in a parking lot, he planned to commit the sexual battery in the victim's home. Id. Upon arriving at the parking lot, however, the defendant was arrested and was later convicted of attempted sexual battery. Id.
On appeal, we reversed and directed the trial court to enter a judgment of acquittal. Id. at 580. Despite evidence that the defendant had discussed the sexual acts he intended to perform and then traveled to the agreed upon meeting place with the victim, we determined, without explanation, that the defendant had not "reached the level of an overt act leading to the commission of sexual battery as required by section 777.04(1)." Id.
Since then, our decision in Duke has often been distinguished, and at times, squarely rejected. In Bist v. State , 35 So.3d 936 (Fla. 5th DCA 2010), a panel of this court considered whether the defendant had committed an overt act within the context of a conviction for attempted lewd and lascivious battery. Id. at 941. In that case, the defendant argued, as the Appellant argues here, that traveling to and arriving at a decoy residence was not an overt act. Id.
In rejecting the defendant's argument, we expressly questioned the result in Duke . Id. n.3. However, we concluded that Duke was distinguishable, even though the facts of both cases were strikingly similar, because the defendant in Bist faced a different charge-attempted lewd and lascivious battery rather than attempted sexual battery. Id.
Our sister court employed the same distinction in Wiggins v. State , 816 So.2d 745 (Fla. 4th DCA 2002). In that case, the fourth district reasoned that Duke was inapposite because the crime of attempted sexual battery "is clearly distinct from a charge of attempted lewd and lascivious act." Id. at 748. The Wiggins court further distinguished Duke by broadly observing that "what is or is not an overt act is very case specific." Id.
Courts in other jurisdictions have more directly disapproved of Duke 's holding. See, e.g. , State v. Glass , 139 Idaho 815, 87 P.3d 302, 307 (Idaho Ct. App. 2003) (finding Duke unpersuasive and reasoning that "[a]fter having arranged with [the decoy victim] to meet at a specific time and place for the expressed purpose of sexual activity, *936 [the defendant] arrived at that meeting place at approximately the appointed time with a box of condoms in his vehicle. This conduct goes beyond remote preparatory activity and unequivocally confirms a criminal design. He was unable to proceed further only because no fourteen-year-old girl appeared at the rendezvous point."); State v. Reid , 383 S.C. 285, 679 S.E.2d 194, 201 (S.C. Ct. App. 2009) (declining to follow Duke , and reasoning that the defendant in that case had "left the location where he was communicating with [the victim] and committed an act beyond mere preparation in driving to and physically arriving at the prearranged location within fifteen minutes of the agreed upon time" (footnote and citation omitted) ), aff'd , 393 S.C. 325, 713 S.E.2d 274 (2011).
Our Analysis of Duke and the Overt Act in this Case
We now recognize that Duke was wrongly decided and recede from its holding. In so doing, we emphasize that an overt act does not require "the last possible act toward consummation of the crime." Coker , 452 So.2d at 1137 (citation omitted). Rather, the crime of attempt is complete where a defendant "does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." § 777.04(1), Fla. Stat. (2015).
Our holding in Duke is not only inconsistent with the overt act analysis for other crimes, see Bist , but is also in conflict with a plain reading of section 777.04(1), Florida Statutes. While the defendant in Duke might not have committed the very "last possible act" toward a sexual battery, he certainly committed an act toward the commission of the crime when he arrived at the agreed upon location to meet his victim and failed only because he was intercepted by law enforcement.
Likewise, in this case, Appellant clearly acted in pursuit of his criminal intent, "going beyond mere preparation to the actual commencement of the crime." Bist , 35 So.3d at 941 (citation omitted). In fact, Appellant took every step necessary to commit the crime of sexual battery except enter the decoy residence and come into physical contact with a real victim.
Therefore, we hold that a defendant commits an overt act in furtherance of the crime of attempted sexual battery where, as in this case, the defendant travels to and arrives at an agreed upon location to meet and sexually batter a minor victim.
AFFIRMED.
COHEN, C.J., ORFINGER, TORPY, EVANDER, BERGER, WALLIS, LAMBERT, EDWARDS, HARRIS, and GROSSHANS, JJ., concur.