NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAE-IL BYUN,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　Case No. 2D17-3838
　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellee.　　　　　　　　)
_____)

Opinion filed March 6, 2019.

Appeal from the Circuit Court for Polk
County; J. Kevin Abdoney, Judge.

Cassandra Snapp and Mark L. Horwitz
of Law Offices of Horwitz & Citro, P.A.,
Orlando; and Bennett R. Ford, III, of The
Ford Law Office, P.A., Orlando, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

　　　　　　After unsuccessfully attempting to dismiss the latter charge on double-

jeopardy grounds, Jae-Il Byun pleaded no contest to unlawfully traveling to meet a

minor, in violation of section 847.0135(4)(a), Florida Statutes (2015), and to attempted

lewd battery, in violation of sections 800.04(4)(a)(1) and 777.04(1), Florida Statutes (2015).  Byun reserved his right to challenge the denial of his motion to dismiss on appeal from the final judgment, and we now affirm.

## Factual and Procedural Background

At approximately 11:00 p.m. on June 2, 2016, Byun began communicating online with an undercover Polk County Sheriff's detective who was posing as a fourteen-year-old girl ("the victim").  During the online conversations, Byun offered to pay the victim to engage in sexual activity, and he arranged to go to her "home."  Byun arrived at the agreed-upon location at approximately 12:30 a.m. on June 3, 2016, having stopped along the way to get cash and buy condoms.  He was arrested after he knocked on the front door.

Based on this conduct, the State charged Byun in count one with the unlawful travel (a second-degree felony) and in count two with the attempted lewd battery (a third-degree felony).[1]  Byun moved to dismiss count two on double-jeopardy grounds, arguing that the elements of attempted lewd battery are entirely subsumed within the elements of unlawful travel.  Ultimately, the trial court determined that both charges had arisen out of the same conduct in a single criminal episode but concluded that each charge required proof of an element that the other did not:

> Traveling to Meet a Minor requires the perpetrator use an enumerated electronic device or service to facilitate proscribed communication whereas no such element is necessary to prove an Attempted Lewd Battery.  Further, Attempted Lewd Battery necessarily requires proof of failure

---

[1]The State also initially charged Byun in count three with unlawful use of a two-way communications device, in violation of section 934.215, Florida Statutes (2015).  The trial court granted Byun's motion to dismiss that count on double-jeopardy grounds.

to commit Lewd Battery, or prevention or interception in its commission. No such requirement exists for Traveling to Meet a Minor.

## Analysis

The constitutional prohibition against double jeopardy does not preclude multiple punishments for different offenses arising out of the same conduct in a single criminal episode so long as the legislature intends to authorize separate punishments. See Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). Here, the parties identify no clear expression of legislative intent with regard to unlawful travel and attempted lewd battery, and we have discerned none. Thus, we must determine whether Byun's convictions and sentences for both offenses violate the Blockburger[2] test codified in section 775.021(4), Florida Statutes (2015). See Valdes, 3 So. 3d at 1070. That section provides:

> (a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity . . . to determine legislative intent. Exceptions to this rule of construction are:

>> 1. Offenses which require identical elements of proof.

---

[2]Blockburger v. United States, 284 U.S. 299 (1932).

> 2. Offenses which are degrees of the same offense as provided by statute.
>
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4).

Under this analysis, we look to elements, not to facts. See Roughton v. State, 185 So. 3d 1207, 1210 (Fla. 2016) ("[T]he plain language of section 775.021(4)(a)[ ] requires that the elements of the offenses be compared 'without regard to the accusatory pleading or the proof adduced at trial.' " (emphasis omitted)); State v. Carpenter, 417 So. 2d 986, 988 (Fla. 1982) ("In applying the Blockburger test the courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or the facts as alleged in a particular information." (citing Whalen v. United States, 445 U.S. 684, 694 n.8 (1980))). To establish a violation of section 847.0135(4)(a), the evidence must establish that the defendant (1) knowingly traveled either within this state, to this state, or from this state, or attempted to do so (2) for the purpose of engaging in any illegal act described in chapters 794, 800, or 827, or to otherwise engage in other unlawful sexual conduct (3) with a child or with a person that the defendant believed to be a child (4) after using a computer or other device capable of electronic communication (5) to seduce, solicit, lure, or entice the child or person that the defendant believed to be a child to engage in the illegal act or other unlawful sexual conduct or to attempt to do so. To establish a violation of section 800.04(4)(a)(1), the evidence must establish that the defendant "engag[ed] in sexual activity with a person 12 years of age or older but less than 16 years of age." Thus, to establish an attempt to violate section 800.04(4)(a)(1), the evidence must clearly establish (1) that the

defendant intended to engage in sexual activity with a person twelve years of age or older but less than sixteen years of age and (2) that the defendant committed an overt act toward doing so.  See § 777.04(1).

What is not so clear is whether, as the trial court concluded, attempt also requires proof of a third element:  that the defendant failed to successfully complete the crime.  See, e.g., Fla. Std. Jury Instr. (Crim.) 5.1 (requiring jury to find that defendant "would have committed the crime except that a. someone prevented [him] [her] from committing the crime of (crime attempted) . . . [or] b. [he] [she] failed"); Duclos-Lasnier v. State, 192 So. 3d 1234, 1238 (Fla. 2d DCA 2016) (stating that attempt has three elements, one of which being that the defendant failed to successfully complete the crime (quoting Bist v. State, 35 So. 3d 936, 941 (Fla. 5th DCA 2010))); Harris v. State, 76 So. 3d 1080, 1082-83 (Fla. 2d DCA 2011) ("The evidence here did not support and the jury obviously did not find that someone prevented Harris from committing the robbery in count one or that he failed to commit the robbery.  Therefore, the jury did not find beyond a reasonable doubt that Harris committed an attempted robbery."); Barrios v. State, 75 So. 3d 374, 377 (Fla. 4th DCA 2011) ("Criminal attempt requires three elements: the intent to commit a crime, an overt act towards its commission, and failure to successfully complete the crime." (quoting Bist, 35 So. 3d at 941)); Bist, 35 So. 3d at 941 (same (citing Morehead v. State, 556 So. 2d 523, 524 (Fla. 5th DCA 1990))).  But see, e.g., Thomas v. State, 531 So. 2d 708, 710 (Fla. 1988) ("Essentially, we have required the state to prove two general elements to establish an attempt:  a specific intent to commit a particular crime, and an overt act toward its commission." (footnote omitted)); State v. Coker, 452 So. 2d 1135, 1136 (Fla. 2d DCA 1984) ("An attempt to

commit a crime consists of two essential elements: a specific intent to commit the crime, and an overt act, beyond mere preparation, done toward its commission. The intent and the act must be such that they would have resulted, but for the interference of some cause preventing the carrying out of the intent, in the completed commission of the crime."); Berger v. State, 259 So. 3d 933, 934 (Fla. 5th DCA 2018) ("Thus, 'the two elements comprising an attempt to commit a crime are (1) a specific intent to commit the crime and (2) an overt act done toward its commission that is beyond mere preparation.' " (quoting Mizner v. State, 154 So. 3d 391, 397 (Fla. 2d DCA 2014))); State v. Ortiz, 766 So. 2d 1137, 1143 (Fla. 3d DCA 2000) (" 'By its nature, attempt occupies the conceptual area between the non-commission of the greater offense and the completion of the greater offense itself.' The two necessary elements for an attempt to commit a crime [are]: (1) a specific intent to commit a particular crime and (2) an overt act toward its commission." (first quoting Wilson v. State, 622 So. 2d 31, 36 (Fla. 1st DCA 1993), approved, 635 So. 2d 16 (Fla. 1994); then citing Geldreich v. State, 763 So. 2d 1114, 1118 (Fla. 4th DCA 1999))); Geldreich, 763 So. 2d at 1118 ("Two necessary elements establish an attempt to commit a crime: 'a specific intent to commit a particular crime, and an overt act toward its commission.' " (quoting State v. Walker, 705 So. 2d 589, 591 (Fla. 4th DCA 1997))). It is to this question that Byun and the State devote the bulk of their attention and argument on appeal.

But it is a question that we need not resolve today, because in their singular focus, the parties have wholly failed to apprehend, let alone address, the

significance of a much clearer difference between the elements of the two offenses.[3]

Unlawful travel requires proof that the child victim is less than 18 years old. See §

847.001(3) (defining "child pornography" as "any image depicting a minor engaged in

sexual conduct"); § 847.001(8) (defining "minor" as "any person under the age of 18

years"); Fla. Std. Jury Instr. (Crim.) 11.17(c) (defining "child" for purposes of section

847.0135(4)(a) as "any person, whose identity is known or unknown, less than 18 years

of age"); cf. § 847.001(1) (defining "adult" as "a person 18 years of age or older").

Attempted lewd battery, however, requires proof that the intended child victim is at least

twelve years' old but less than sixteen years' old. § 800.04(4)(a)(1); see also Glover v.

State, 863 So. 2d 236, 238 (Fla. 2003) (holding that age of the victim is an essential

element of capital sexual battery).

Accordingly, attempted lewd battery has an element that unlawful travel

does not have,[4] and Byun's argument that attempted lewd battery is subsumed within

unlawful travel, i.e., that every unlawful travel will necessarily and inevitably be

chargeable as an attempted lewd battery, fails. See Aiken v. State, 742 So. 2d 811,

---

[3]The court brought this difference to the parties' attention for the first time at oral argument, and we were not foreclosed from doing so despite that no one had ever raised it previously: double jeopardy claims based on undisputed facts present pure questions of law, Graham v. State, 207 So. 3d 135, 137 (Fla. 2016), and we may affirm the trial court for any reason that the record supports, cf. Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So. 3d 204, 212 (Fla. 2012) ("[A]n appellate court should affirm a trial court that 'reaches the right result, but for the wrong reasons' if there is 'support for the alternative theory or principle of law in the record before the trial court.' " (quoting Robertson v. State, 829 So. 2d 901, 906-07 (Fla. 2002))).

That said, we note and appreciate defense counsel Ford's efforts at oral argument to balance his duty to zealously represent his client with his duty of candor to the court when confronted with this basis for affirmance for the first time.

[4]And, obviously, unlawful travel has elements that attempted lewd battery does not have.

812 (Fla. 2d DCA 1999) (en banc) (holding that only necessarily lesser included offenses are subsumed pursuant to section 775.021(4)(b)(3) and receding from language in a prior case "which states that a defendant may not be convicted of a permissive lesser included offense when he has been convicted of the greater offense, with both offenses arising out of the same criminal act" (citing State v. McCloud, 577 So. 2d 939, 941 (Fla. 1991))); State v. Sholl, 18 So. 3d 1158, 1163 (Fla. 1st DCA 2009) ("Nor can it be argued that lewd or lascivious exhibition is a necessarily included lesser offense of transmitting material harmful to a minor via electronic device. . . . [T]he transmission charge requires the victim to be under 18, while the exhibition charge requires the victim to be under 16. Therefore, if a defendant transmits material harmful to a minor via electronic device to a 17-year old victim, he/she may be charged under the transmissions statute but not the exhibition statute, as the victim is over 16 years of age."). Indeed, had Byun's putative victim been sixteen years' old, Byun would still be guilty of unlawful travel,[5] but, as a matter of law, he could not be guilty of attempted lewd battery because of the age requirement. Byun's conduct, therefore, constituted two separate offenses that the legislature intended be punished separately, and the trial court correctly denied his motion to dismiss on double-jeopardy grounds.

## Conclusion

Applying the Blockburger "same elements" test, we hold that Byun's convictions for unlawful travel under section 847.0135(4)(a) and for attempted lewd

---

[5]Specifically, it would have been a second-degree felony for Byun, who was twenty-four years' old at the time of the offense, to have engaged in sexual activity with a sixteen year old. See § 794.05(1), Fla. Stat. (2015).

- 8 -

battery under sections 800.04(4)(a)(1) and 777.04(1) do not violate the prohibition against double jeopardy.  Accordingly, we affirm.

Affirmed.

SILBERMAN and VILLANTI, JJ., Concur.