# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0994
Lower Tribunal No. F20-2517
_____

**Carl Lee Nelson**,
Appellant,

vs.

**The State of Florida**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

Carl Lee Nelson appeals his conviction for attempted sexual battery on a person under twelve years of age, and for two counts of lewd or lascivious exhibition in the presence of a person under sixteen. We affirm on all issues but write to address the trial judge's unobjected-to comments under a fundamental error analysis.[1]

During the trial judge's explanation of the jury instructions, verdict form, and charge to the jury, the judge mused that "jury instructions are written by committees of lawyers and judges and are therefore pretty much unintelligible," and wondered aloud whether it might be better to "skip all these instructions" and just review the verdict form. Nelson argues that the

---

[1] The trial judge correctly denied the motion for judgment of acquittal. See Berger v. State, 259 So. 3d 933, 936 (Fla. 5th DCA 2018) ("[A]n overt act does not require 'the last possible act toward consummation of the crime.' Rather, the crime of attempt is complete where a defendant 'does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof.'" (citation omitted)). The record shows that the State introduced competent, substantial evidence to support the verdict. Bush v. State, 295 So. 3d 179, 200 (Fla. 2020); see also State v. Ortiz, 766 So. 2d 1137, 1143 (Fla. 3d DCA 2000) (setting forth necessary elements for an attempt to commit a crime as: "(1) a specific intent to commit a particular crime and (2) an overt act toward its commission"). The State introduced evidence of acts that went "beyond mere preparation and planning," Geldreich v. State, 763 So. 2d 1114, 1118 (Fla. 4th DCA 1999), including testimony that Nelson propositioned the ten-year-old victim for sex, closed the bedroom door, refused to leave despite numerous rejections and pleas to leave, and took his pants off and exposed himself. We therefore affirm on this ground without further discussion.

trial court's comments about the jury instructions demean the authority of the law and denied him due process by encouraging the jury to depart from its instructions. Absent a contemporaneous objection, we review the complained-of comments by the trial judge for fundamental error in the context of the totality of the circumstances. See Taylor v. State, 62 So. 3d 1101, 1119 (Fla. 2011) ("Jury instructions are subject to the contemporaneous objection rule and, absent an objection at trial, can be raised on appeal *only if* fundamental error occurred."); see also Hayward v. State, 24 So. 3d 17, 42 (Fla. 2009) ("In determining whether fundamental error has occurred, we review the totality of the circumstances.").

For a judge's offhand comments during jury instructions to rise to fundamental error, they must be more than an ill-advised expression of personal views; rather, the comments must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Taylor, 62 So. 3d at 1119 (quotations omitted). Nelson fails to make that showing. And the transcript of the trial provides important context. The trial judge didn't let those errant comments stand alone nor did he skip ahead to the verdict form; he read the instructions to the jury in full. Most importantly, the judge made several other comments to impress the importance of the jury instructions

3

and the need to apply the law as given: The trial judge instructed the jury that they "ha[d] to apply" the instructions and to "study them over" as needed; he said that the verdict "must be based on evidence and the law," indeed, "only upon the evidence . . . [a]nd these instructions." He further explained that "[i]f you fail to follow the law, your verdict will be a miscarriage of justice. There's never a reason for failing to follow the law."

The trial judge's comments in context amounted to an unnecessary, but ultimately harmless, personal digression. Harmless error can't be fundamental error. See Reed v. State, 837 So. 2d 366, 370 (Fla. 2002) ("If the error was not harmful, it would not meet our requirement for being fundamental."). The comments do not rise to the level of impacting "the validity of the trial itself." Taylor, 62 So. 3d at 1119 (quotations omitted). Additionally, Nelson's failure to object to the comments at trial is also "a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial." Ray v. State, 403 So. 2d 956, 960 (Fla. 1981).

Although the desire to relate to the jury may be strong, going off script during jury instructions to offer personal thoughts can result in ill-advised comments by the trial court, especially when taken out of context. "A trial judge has the responsibility of correctly charging the jury. That responsibility

4

includes giving instructions that are not confusing, contradictory, or misleading." <u>Routenberg v. State</u>, 301 So. 3d 325, 328 (Fla. 2d DCA 2020) (cleaned up). And jurors must know that they are to understand and apply the law as laid out in those instructions. <u>See</u> <u>Nichols v. State</u>, 312 So. 3d 530, 533–34 (Fla. 2d DCA 2021). But we presume that the jury has followed the trial court's instructions in the absence of evidence to the contrary. <u>Garzon v. State</u>, 939 So. 2d 278, 285 (Fla. 4th DCA 2006), <u>approved</u>, 980 So. 2d 1038 (Fla. 2008). Nelson offers no evidence that the jury did, in fact, fail to understand its charge or the applicable law. Given the totality of circumstances, particularly the trial court's clear direction that the jury had to follow the law and study and apply the instructions as written, the errant comments amounted to unobjected-to harmless error. No fundamental error occurred.

Affirmed.