JORGENSON, Judge.
C.W. appeals from an order of the juvenile division of the circuit court adjudicating him delinquent. We affirm.
Responding to a report of two youths discharging a BB gun at animals, Officer Thomas Riley of the Metro-Dade Police Department arrived at the scene and observed C.W. holding a BB gun. C.W. was accompanied by another youth. Two witnesses at the scene identified C.W. and his companion as the individuals who had fired the BB gun. Officer Riley advised the youths that he was taking them into custody and that he would contact their parents. He began to frisk C.W., at which time C.W. attempted to flee. Officer Riley had to place C.W. in hand restraints in order to control him. The arrest form stated that C.W. had been arrested for cruelty to animals in violation of section 828.12, Florida Statutes (1985), and for resisting an officer without violence in contravention of section 843.02, Florida Statutes (1985).[1]
The state subsequently filed a petition for delinquency against C.W., charging him with two offenses: resisting Officer Riley in violation of section 843.02 and exhibiting a BB gun “in the presence of one or more persons in a rude, careless, angry or threatening manner” in violation of section 790.10, Florida Statutes (1985). At the hearing on the petition, Officer Riley was the only witness to testify. C.W. moved for judgment of acquittal on the section 790.10 charge on the ground that Officer Riley’s testimony failed to establish that C.W. had displayed the BB gun in a reckless or negligent manner. The trial court granted C.W.’s motion for judgment of ac *67 quittal on section 790.10 violation but adjudicated C.W. delinquent on the section 843.-02 count.
C.W. contends that the trial court erred in adjudicating him delinquent where the officer was effecting an unlawful arrest. C.W. argues that he was privileged to resist his arrest without violence because the arrest was precipitated by an unsupported charge of cruelty to animals. We disagree. C.W. correctly asserts that the offense of cruelty to animals delineated in section 828.12 is a first-degree misdemeanor which must be committed in the presence of the arresting officer. § 901.15, Fla.Stat. (1985). However, Officer Riley’s citation to section 828.12 on the arrest form does not determine the validity of the charge upon which C.W.’s adjudication for delinquency was predicated. “The propriety of an arrest does not turn on the charges upon which the arrest was effected.” Gasset v. State, 490 So.2d 97, 98 (Fla. 3d DCA), rev. denied, 500 So.2d 544 (Fla.1986). See Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981); Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971).
Contrary to C.W.’s argument, the state, through Officer Riley’s testimony, established the legality of C.W.’s arrest. Officer Riley testified at the hearing that C.W. “pulled away from me and attempted to flee from my custody, at which time I had to place him in hand restraints. He struggled against my efforts to maintain control of him.” Officer Riley had a right to detain C.W. based upon the report of youths firing a BB gun, his observation of C.W. with such a weapon, and the on-the-scene witnesses’ identification of C.W. as having fired the gun. C.W.’s attempted flight obstructed Officer Riley’s performance of his lawful duty. Under these circumstances, the trial court correctly found that C.W. had violated section 843.02. Thus, the adjudication of delinquency was proper. See Jacobson v. State, 476 So.2d 1282 (Fla.1985) (officers who had articulable suspicion that defendant might be engaged in criminal conduct were justified in detaining him for questioning and, once defendant resisted detention, officers were justified in arresting him for resisting an officer without violence); R.L.L. v. State, 466 So.2d 1230 (Fla. 2d DCA 1985) (where police officer justified in detaining juvenile, his running away contrary to instructions of detaining officer obstructed officer in performance of his legal duty and provided basis for adjudicating juvenile delinquent for obstructing a police officer). Cf. B.H. v. State, 505 So.2d 14 (Fla. 3d DCA 1987) (in absence of founded suspicion that juvenile had violated law, police officer had no basis for temporarily detaining him and juvenile’s act of walking away from officer despite direction to return could not constitute offense of obstructing officer in the execution of a lawful duty); C.K. v. State, 487 So.2d 93 (Fla. 3d DCA 1986) (same).
The adjudication of delinquency is, therefore,
Affirmed.

. The statute provides:
843.02 Resisting officer without violence to his person. — Whoever shall obstruct or oppose any such officer, beverage enforcement agent, weight and safety officer of the Department of Transportation, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, personnel or representative of the Department of Law Enforcement, or legally authorized person in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 843.02, Fla.Stat. (1985).