PER CURIAM.
This is an appeal by the defendant Jose Saldana from final judgments of conviction and sentences for (1) resisting an officer without violence [§ 843.02, Fla.Stat. (1991) ], (2) fleeing or attempting to elude a police officer [§ 316.1935, Fla.Stat. (1991) ], and (3) driving with a suspended license [§ 322.34, Fla.Stat. (1991) ], which were entered upon an adverse jury verdict. The defendant raises two points on appeal, neither of which presents reversible error.
First, the defendant contends that his convictions for the first two offenses, as stated above, are barred by double jeopardy, and that the judgment of conviction and sentence for the second offense should be vacated; the trial court denied the defendant’s motion to vacate one or both of the convictions based on the ground of double jeopardy. We agree with the trial court and reject the defendant’s contention because both of the offenses contain a statutory element which the other does not — and, accordingly, the judgments of conviction and sentences on both offenses are not barred by double jeopardy under the Blockburger test. United States v. Dixon, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see § 775.021(4), Fla.Stat. (1991). The first offense, resisting an officer without violence [§ 843.02, Fla.Stat. (1991) ], contains one statutory element which the second offense, fleeing or attempting to elude a police officer [§ 316.1935, Fla.Stat. (1991)], does not contain; namely, the police officer must have been engaged in the lawful execution of a legal duty. Starks v. State, 627 So.2d 1194 (Fla. 3d DCA 1993); McBride v. State, 604 So.2d 1291 (Fla. 3d DCA 1992); see Green v. State, 530 So.2d 480 (Fla. 5th DCA 1988), rev. denied, 539 So.2d 475 (Fla.1989). On the other hand, the second offense contains at least one statutory element which the first offense does not contain; namely, the defendant must have been operating a motor vehicle on a street or highway in Florida. Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 345 (Fla.1986).
Second, the defendant contends that the trial court erroneously denied his pretrial motion to suppress the defendant’s “arrest” and refused to dismiss count II of the information which charged the defendant with resisting an officer without violence. There is no authority, however, which would authorize, much less require, that the trial court suppress the defendant’s “arrest” and thereby dismiss one of the counts in the information pending against the defendant. Physical evidence or verbal statements which constitute the fruit of an unlawful arrest may be suppressed by the trial court under the Fourth Amendment exclusionary rule; an “arrest,” on the other hand, can never be suppressed nor can charges in an indictment or information be dismissed under the Fourth Amendment exclusionary rule. Fla. R.Crim.P. 3.190(b), (c); see generally 14 Fla. Jur.2d §§ 59, 380 (1993); 1, 2 Wayne R. LaFave, Search & Seizure §§ 1.9(b), 5.1 (1987). Moreover, we conclude that the trial court did not err, as belatedly urged by the defendant in his reply brief, in denying his motion for judgment of acquittal as to count II of the information (resisting an officer without violence) because the state adduced sufficient evidence at trial to establish that the police officers involved in this case were engaged in the lawful execution of a legal duty when they attempted to stop the defendant while he was driving a motor vehicle. See C.W. v. State, 528 So.2d 66 (Fla. 3d DCA 1988); Williams v. State, 511 So.2d 740 (Fla. 5th DCA 1987); see also Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988).
Affirmed.