650 So.2d 1039 (1995)
Marilyn Jean ADAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1945.
District Court of Appeal of Florida, Third District.
February 8, 1995.
Rehearing Denied March 22, 1995.
*1040 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
PER CURIAM.
Marilyn Jean Adams appeals her convictions and sentences. We affirm in part, reduce a conviction, and remand.
Defendant applied for a mortgage from Household Finance Corporation [HFC]. Defendant gave the loan officer an erroneous address and social security number, and misrepresented the address of the company she owned; the company was not registered. HFC discovered that the information on the application was false and contacted the police. The police suggested issuing the check to lure the defendant to appear. Defendant was arrested exiting HFC with the check. Defendant was charged with grand theft in violation of section 812.014, Florida Statutes (1991) (Count I), and with obtaining a mortgage by false representation in violation of section 817.54, Florida Statutes (1991) (Count II). The jury found defendant guilty as charged. Defendant's sentencing guidelines scoresheet called for community control or one to four-and-a half years incarceration. The court sentenced defendant to twenty-four months community control for the first count and 364 days of incarceration on the second count.
Defendant first argues that her convictions are barred by double jeopardy and that her conviction on Count I must be vacated. We reject this contention because each offense contains a statutory element which the other does not; thus, double jeopardy does not bar a conviction and sentence on both offenses. United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see § 775.021(4), Fla. Stat. (1991); Saldana v. State, 634 So.2d 201 (Fla. 3d DCA 1994). The offense charged in Count I, grand theft, requires proof of defendant's intent to deprive the owner of property, § 812.014(1), Fla. Stat. (1991); Szilagyi v. State, 564 So.2d 644 (Fla. 4th DCA 1990); G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), approved, 572 So.2d 1380 (Fla. 1991), an element not present in Count II, obtaining a mortgage by false representation. Count II requires proof that false or fraudulent information was offered by defendant with the intent to defraud, § 817.54, Fla. Stat. (1991); this element is not present in the offense of grand theft. Double jeopardy does not bar the two convictions.
Defendant next argues that the conviction for obtaining a mortgage by false representation must be reduced to attempt as the crime was not completed. Defendant argues that HFC was not deceived as a result of any false representations, and issued *1041 the check in an attempt to lure her presence and facilitate her arrest. We agree. Chapter 817, Florida Statutes, Fraudulent Practices, enumerates false pretenses and fraud crimes. Section 817.54 provides:
Any person who, with intent to defraud, obtains any mortgage, mortgage note, promissory note or other instrument evidencing a debt from any person or obtains the signature of any person to any mortgage, mortgage note, promissory note or other instrument evidencing a debt by color or aid of fraudulent or false representation or pretenses, or obtains the signature of any person to a mortgage, mortgage note, promissory note, or other instrument evidencing a debt, the false making whereof would be punishable as forgery, shall be guilty of a felony of the third degree... .
This statute criminalizes a specific form of false pretense crime. See Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991), approved, 607 So.2d 422 (Fla. 1992); Silver v. State, 174 So.2d 91 (Fla. 1st DCA), cert. denied, 180 So.2d 658 (Fla. 1965). Accordingly, the victim's reliance on the false or misrepresented information is an essential element of the offense. See Koltay v. State, 360 So.2d 802 (Fla. 2d DCA 1978) (reliance on misstatement essential element of crime of false pretense; construing § 812.021, Fla. Stat.); Green v. State, 190 So.2d 614 (Fla. 3d DCA 1966) (reliance on misstatement element of crime of obtaining property by false pretenses; construing § 811.021, Fla. Stat.); Ex parte Stirrup, 155 Fla. 173, 19 So.2d 712 (1944) (false representation must deceive to constitute crime of false pretense; construing § 817.01, Fla. Stat. (1941)). Thus, the state bears the burden of proving that the victim was deceived by the defendant's misrepresentation. In this case, however, the record conclusively establishes that HFC did not rely on the misinformation. HFC was fully aware that the information was wrong and constituted misrepresentations by the defendant. HFC was never deceived or misled by the false information. Contrary to the state's assertion, the loan was not approved in reliance on defendant's statements. The loan check was issued to facilitate the defendant's arrest. This does not demonstrate reliance by the victim on defendant's misrepresentations. Therefore, the offense was not completed; on remand, the conviction on this count must be reduced to attempt to commit the charged offense.
Turning to defendant's last issue on appeal, the State properly concedes that the trial court erred in sentencing defendant to community control and incarceration. Felty v. State, 630 So.2d 1092 (Fla. 1994). The sentences are hereby vacated, and defendant shall be resentenced on remand.
Affirmed in part; conviction reduced; cause remanded.