746 So.2d 591 (1999)
Donald L. HAYWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04367.
District Court of Appeal of Florida, Second District.
December 29, 1999.
Dennis J. Rehak, Fort Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan Hurley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury found Donald Hayward guilty of grand theft of an automobile.[1] He contends the evidence was not sufficient to support his conviction and that the circuit court should have granted his motion for judgment of acquittal. We agree and reverse.
At trial, the State presented two witnesses. Donald Turner, a salesman at La-Belle Dodge, testified that on October 30, 1997, Hayward agreed to buy a new pickup truck from the dealership. He took the truck that evening, and returned on November 2, 1997 to execute a formal contract. He agreed to give $6,000 as a down payment and completed paperwork to finance the balance of approximately $27,000 over 60 months. Hayward wrote a post-dated check for $6,000, which he asked Turner to hold for two days. Turner testified that this request was not unusual; *592 often customers needed time to transfer money from a savings to a checking account. Hayward again left with the new truck.
When two days passed, Turner tried to telephone Hayward to find out whether the check could be deposited. Hayward called back several days later and asked if the dealership could hold the check for another two days. Turner agreed. After the extension expired, Turner made a number of unsuccessful attempts to contact Hayward and obtain the $6,000. Sometime during the next two to three weeks, Hayward promised to bring the dealership $6,000 in cash. He never appeared with the money. Finally Turner called the Hendry County Sheriffs office and reported the truck as stolen.
Deputy Carl Furman verified that he took the stolen truck report from LaBelle Dodge on November 19, 1997. Furman testified that the truck was recovered in March 1998, but offered no details about how or where it was found.
In his defense, Hayward testified that he never intended to steal the truck. He maintained that a tow truck removed the pickup from a parking lot in Cape Coral on November 18, 1997. He was not present when the truck was taken and did not know whether LaBelle Dodge had repossessed it, his wife had seized it in connection with their pending divorce, or the owner of the parking lot had it towed away. Hayward claimed he reported the truck as stolen to the Lee County Sheriffs office on November 19, 1997. After that, he left the matter in the hands of the police. He did not advise LaBelle Dodge of the theft because he believed the Sheriff would do so. He also thought that the dealership's insurance would cover the loss.
After Hayward testified, the State recalled Turner as a rebuttal witness. He stated that Hayward never called him to report that the truck had been stolen, and that "to his knowledge" the dealership had not received a report from the Lee County Sheriffs office.
To sustain a conviction for theft under section 812.014, Florida Statutes (1997), the State must prove that the accused "knowingly obtain[ed] or use[d]" the property of another with the intent to deprive the lawful owner of his property. The definition of "obtains or uses" includes "obtaining property by fraud, willful misrepresentation of a future act, or a false promise." § 812.012(2), Fla. Stat. (1997); see also State v. Hurley, 676 So.2d 1010 (Fla. 2d DCA 1996). The State can prove the elements of theft, including intent, by circumstantial evidence. See Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982).
The State contends the facts that Hayward never paid the dealership the down payment of $6000 and never returned the truck were circumstantial evidence of both a "willful misrepresentation of a future act" and Hayward's "intent to deprive" the dealership of its property. Hayward, however, offered a reasonable explanation for his dereliction: the truck had been towed away and he believed the dealership's insurance would cover the loss. When a defendant moves for judgment of acquittal in a circumstantial evidence case, the trial court must determine, as a threshold matter, whether there is competent evidence from which the jury could infer guilt to the exclusion of all other inferences. To meet its threshold burden, the State must introduce evidence which is inconsistent with the defendant's theory of events. See Barwick v. State, 660 So.2d 685, 694-695 (Fla.1995); State v. Law, 559 So.2d 187, 189 (Fla.1989); Isaac v. State, 730 So.2d 757 (Fla. 2d DCA 1999).
Here, the State failed to rebut either facet of Hayward's version of events. The only evidence it presented to refute Hayward's contention that the truck had been towed or stolen was Turner's statement that "to his knowledge" the Lee County authorities had not contacted the dealership about Hayward's report. The State *593 did not establish that Turner was the person at the dealership the Sheriff would have telephoned, or that the practice of the business would have been to notify a salesman of a report from law enforcement. It did not recall Deputy Furman to testify whether the Hendry County Sheriffs department had been advised by its counterpart in Lee County about a possible theft, or to explain any circumstances about the recovery of the truck that would have cast doubt on Hayward's claim it had been towed away. As to Hayward's asserted belief that the dealership's insurance would cover the loss, he testified that he had discussed insurance with "Randy," La-Belle Dodge's finance manager. The State did not present any evidence that belied this contention.
Where, as here, the State fails to meet its burden to produce evidence contradicting the defendant's reasonable hypothesis of innocence, it is the trial court's duty to grant a judgment of acquittal. See Law, 559 So.2d at 189. We reverse Hayward's conviction and direct the circuit court to discharge him.
Reversed.
PATTERSON, C.J., and STRINGER, J., Concur.
NOTES
[1] See § 812.014, Fla. Stat. (1997).