PER CURIAM.
 

 The appellant appeals a judgment and sentence after a jury convicted her of grand theft of between $10,000 and $20,000 and contracting without a general contractor’s license during a state of emergency. At the close of the state’s case the defense presented two motions for judgment of acquittal, arguing that the state failed to meet its burden to demonstrate beyond a reasonable doubt that the appellant had committed these offenses. The trial court denied both motions.
 

 We review the trial court’s denial of the motion for judgment of acquittal under the
 
 de novo
 
 standard of review.
 
 Jones v. State,
 
 790 So.2d 1194 (Fla. 1st DCA 2001) (en banc). We hold the evidence was sufficient to sustain the appellant’s conviction for contracting without a general contractor’s license during a state of emergency. We affirm the conviction and sentence imposed for this offense.
 

 We conclude, however, that as to the grand theft charge, the evidence is insufficient as a matter of law. The state failed to demonstrate that the appellant deprived or appropriated
 
 any
 
 funds from the victim; thus, the evidence is not legally sufficient. The record demonstrates that the state’s grand theft case appeared to be based upon the claim that the appellant committed fraud when she entered into the general contractor’s agreement because she “tricked” the victim by “false pretenses!,]” therefore “[s]he got every penny in this case by false pretenses and that’s why the state submits to you she is guilty of a[$]10,000 to $20,000 range.” In between this quantum leap from the assertion to the conclusion, the record indicates that the state simply failed to prove beyond a reasonable doubt that the appellant did commit grand theft and misappropriate
 
 any
 
 particular amount of funds.
 

 While the state put into evidence the amount of insurance checks that had been distributed, the record indicates that the state failed to demonstrate where the funds went to pay fees and costs for items such as equipment and labor, or that the appellant illegally pocketed any remaining funds. Moreover, the state admitted that the appellant completed reconstruction of the victim’s home’s roof, for which she received an agreed-upon $6000 fee. There
 
 *689
 
 simply was no setting forth before the jury of any specific funds that the appellant allegedly stole. Instead, the state’s conclusion was that the appellant committed grand theft because she committed fraud when she entered into the general contractor’s agreement and because the job was never completed. Notably, the prosecutor stated that the appellant may have had good intentions when she entered into the contract, but that she was basically incompetent to perform the work. Mere incompetence does not support a contention that the appellant possessed the intent to deprive the victim of the insurance proceeds.
 
 See
 
 §§ 812.014(l)(a)-(b), (2)(c)3., Fla. Stat. (2005).
 

 The state’s evidence simply failed to overcome the appellant’s reasonable hypothesis of innocence and consequently the record indicates that the jury’s verdict is not supported by competent, substantial evidence.
 
 See Williams v. State,
 
 569 So.2d 1376 (Fla. 2d DCA 1990) (state failed to present competent, substantial evidence to overcome Williams’ reasonable hypothesis of innocence). Thus, we conclude that the trial court erred as a matter of law by denying the appellant’s motion for judgment of acquittal on the charge of grand theft of between $10,000 and $20,000. We therefore reverse the appellant’s conviction on the grand theft charge, set aside the sentence, and remand with directions that she be discharged from this conviction.
 
 See Morgan v. State,
 
 355 So.2d 149 (Fla. 1st DCA 1978).
 

 AFFIRMED in part, REVERSED in part, and REMANDED with directions.
 

 LEWIS and THOMAS, JJ., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.