CORRECTED OPINION
 

 KAHN, J.
 

 We deny appellant’s motion for rehearing. We withdraw the opinion of September 10, 2009, and substitute the following corrected opinion.
 

 A jury convicted appellant Larry Wayne Hebert for, among other things, grand theft and contracting without a license during a state of emergency. Hebert now appeals his convictions and sentences and, in a consolidated case, the purported denial of his motion to withdraw guilty pleas in a separate prosecution. As explained below, we dismiss the latter appeal for lack of jurisdiction, but we affirm Hebert’s convictions and sentences in the case that proceeded to trial.
 

 The State presented evidence at trial that purported to support a conviction for grand theft on two theories: first, that appellant committed grand theft by refusing to refund a homeowner’s contractually required deposit for then-uncompleted solar-panel work; and, second, that Hebert arranged for associates to install a defective roof that now must be replaced at considerable expense. We find the State presented legally sufficient evidence to sustain the conviction, but only with respect to the first theory. A reasonable juror, considering the evidence in the light most favorable to the State, could have inferred that appellant acted with the requisite specific intent to commit grand theft on the basis of evidence that he withheld the homeowner’s deposit when asked to refund it.
 
 See
 
 § 812.014(1)(a), Fla. Stat. (2004). Unlike the contractor in
 
 Crawford v. State,
 
 453 So.2d 1139, 1140 (Fla. 2d DCA 1984), a case upon which appellant relies, Hebert was unlicensed and thus did not hold a lawful claim to the deposit money.
 
 See
 
 § 489.128(1), Fla. Stat. (2004) (providing that, “[a]s a matter of public policy, contracts entered into ... by an unlicensed contractor shall be unenforceable ... by the unlicensed contractor”). By withholding funds to which he had no legal claim, appellant committed grand theft. § 812.014(l)(a), Fla. Stat. (2004).
 

 In contrast, the State’s evidence of specific intent is lacking with respect to the second theory. Mere evidence of incompetent construction work is not enough to establish specific intent to commit grand theft.
 
 See generally Jones v. State,
 
 4 So.3d 687, 689 (Fla. 1st DCA 2009). Here, because the State presented legally sufficient evidence with respect to one of the two alternative theories of guilt, we affirm appellant’s conviction for grand theft.
 

 
 *614
 
 “[Reversal is not warranted” where the jury’s verdict “could have rested upon a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient.”
 
 San Martin v. State,
 
 717 So.2d 462, 470 (Fla.1998). As an example of convictions resting upon “a legally inadequate theory,” and thus requiring reversal, the court in
 
 San Martin
 
 referenced a case where one of the State’s theories would have led to a conviction violative of the First Amendment,
 
 Stromberg v. California,
 
 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), and another that could have resulted in a conviction for an offense barred by the applicable statute of limitations,
 
 Yates v. United States,
 
 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957).
 
 San Martin,
 
 717 So.2d at 470 n. 9 & 10. This court, in
 
 Jones, supra,
 
 reversed, not because of a legally inadequate theory, but because the evidence as to grand theft in that case was “insufficient as a matter of law.” 4 So.3d at 688. Nothing in the
 
 Jones
 
 opinion indicates that the State presented an alternative theory upon which to sustain the conviction for grand theft.
 

 In Florida, a conviction for theft under section 812.014, Florida Statutes (2008), may be accomplished where the defendant obtained the subject property “by fraud, willful misrepresentation of a future act, or false premise.” § 812.012(l)(c), Fla. Stat. (2004).
 
 Jones
 
 simply stands for the proposition that shoddy, defective, or incomplete construction, without more, will not suffice to show the willfulness, or intent, aspect necessary for grand theft.
 
 See Hayward v. State,
 
 746 So.2d 591, 592 (Fla. 2d DCA 1999) (finding circumstantial evidence in that case insufficient to prove “willful misrepresentation of a future act”). Moreover, Florida law is clear that the species of theft charged by the State in this case may, despite the requirement of specific intent, be shown “by circumstantial evidence found in the surrounding circumstances of the event.”
 
 McGeough v. State,
 
 766 So.2d 454, 455 (Fla. 4th DCA 2000). Accordingly, although the State’s case, based upon installation of a defective roof, has ultimately failed because of insufficient proof, the prosecution did not suffer from a legally inadequate theory.
 

 We also find legally sufficient record evidence to support appellant’s conviction for contracting without a license during a state of emergency.
 
 See
 
 §§ 489.127(l)(f), (2)(c), Fla. Stat. (2004). We affirm that conviction, as well.
 

 Appellant last argues that, to the extent trial counsel failed to preserve some of his arguments regarding evidentiary sufficiency, counsel was ineffective. The record, however, does not bespeak such apparent ineffective assistance of trial counsel that appellant’s ineffective-assistance claim is cognizable on direct appeal, so we reject that claim, recognizing that appellant may seek postconviction relief in a collateral criminal proceeding.
 
 See Mansfield v. State,
 
 758 So.2d 636, 642 (Fla.2000);
 
 Blanco v. Wainwright,
 
 507 So.2d 1377, 1384 (Fla.1987).
 

 Hebert also challenges, under separate case number, the purported denial of a motion to withdraw two guilty pleas in prosecutions for similar offenses committed against different victims. The record, however, does not contain a written final order formally disposing of the motion. This court consequently lacks jurisdiction to consider the matter.
 
 See
 
 Fla. R.App. P. 9.020(h);
 
 Billie v. State,
 
 473 So.2d 34, 34 (Fla. 2d DCA 1985). We therefore dismiss Hebert’s appeal in Case No. 1D07-5897.
 

 In Case No. 1D07-1964, appellant’s convictions and sentences are AFFIRMED.
 
 *615
 
 Case No. 1D07-5897 is DISMISSED without prejudice to Hebert’s right to seek further relief in the trial court.
 

 THOMAS and ROBERTS, JJ., concur.