DAVIS, Judge.
 

 Ernest Henry Vroom challenges his convictions and sentences for three counts of
 
 *83
 
 unlawful collection of an advance fee and one count of grand theft. We affirm the convictions on the charges for the unlawful collection of an advance fee without discussion. But we reverse the conviction and sentence on the grand theft charge because the evidence was insufficient to prove that offense.
 

 Vroom was the principal in a business known as Funding American Mortgage Corporation (FAMC). FAMC was licensed by the State of Florida as a mortgage lender pursuant to the requirements of chapter 494 of the Florida Statutes. Vroom’s role as an agent for FAMC was to negotiate loan agreements with potential borrowers and then “sell” the transactions to the ultimate lenders. In each of the three transactions that are the subject of this prosecution, Vroom collected an advance fee as a part of the negotiations with the borrowers. Vroom, however, failed to close any of the three transactions. In two of the transactions, Vroom was able to return the advance fee to the borrower, but he failed to do so in the transaction with Mr. Thomas Coghill, Sr. This failure was the basis of Vroom’s grand theft conviction.
 

 At jury trial, after the close of the State’s case, Vroom moved for judgment of acquittal as to the grand theft charge, arguing that the State had failed to present sufficient evidence from which the jury could infer that he had the requisite intent to commit the offense. The facts basically showed that Coghill paid to FAMC the required advance fee and that Vroom then transferred it to an attorney’s trust account in London. Upon the failure of Vroom to close the loan, he and FAMC failed to return the deposit as agreed to by a commitment letter. There was no evidence that any of the funds remained with or were returned to Vroom or FAMC by the London attorneys or any other third party. Further, there was no evidence that Vroom had any relationship with the London attorneys or other parties that eventually received the money. As such, Vroom argues on appeal that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove that he had the requisite intent to commit grand theft.
 
 See
 
 § 812.014, Fla. Stat. (2003).
 
 [1]
 

 The State argues that the case is a circumstantial evidence case and that there was evidence that would support the inference of criminal intent. First, the State suggests that Vroom provided to Coghill a personal financial statement that demonstrated that Vroom was personally able to guarantee the repayment of the advance fee. However, the State argues that since Vroom was unable to subsequently return the fee when the loan did not close as planned, the reasonable inference is that he had provided deceptive financial information in the disclosure statement for the purpose of intentionally deceiving Coghill in an attempt to obtain Coghill’s funds.
 

 We disagree. There was no evidence that the financial disclosure was inaccurate at the time it was made. The fact that, at some future time, Vroom could not make the repayment is not sufficient to support a conviction of grand theft. Although the facts may support the inference that
 
 *84
 
 Vroom was intentionally deceiving Coghill at the time he received the funds, the same facts could also support the reasonable inference that Vroom had encountered economic reversals after supplying the disclosure statement. As such, the fact that Vroom’s financial condition at the time of the requested repayment was not consistent with that represented in the financial disclosure statement he provided to Cog-hill is not enough, on its own, to support a conviction for grand theft.
 
 See Lindsey v. State,
 
 14 So.3d 211, 215 (Fla.2009) (“ ‘Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt.’ ” (quoting
 
 Ballard v. State,
 
 923 So.2d 475, 482 (Fla.2006))).
 

 The State also argues that because Vroom had failed .to proceed to closing on the prior two loans, he intentionally deceived Coghill as to his ability to obtain the loan and that the deception was for the purpose of unlawfully obtaining the advance fee from Coghill. Again, we reject the State’s conclusion. The record indicates that Vroom was not very successful as a mortgage lender. But the fact that he had failed to obtain the prior loans does not, on its own, support the inference that he knew he could not complete this transaction and that he was fraudulently representing his ability to do so.
 

 We conclude that the State’s evidence failed to show that, at the time of the transaction, Vroom had the intent to obtain these funds by fraud, deception, or with an intent to deprive the borrower of the funds.
 

 Finally, the State argues that Vroom violated the statutory requirements that apply to mortgage lenders by failing to keep the funds from Coghill’s advance fee in a federally insured bank account. The State maintains that this violation was sufficient to support the inference that Vroom intentionally attempted to deprive Coghill of his funds. Again, we reject this argument. Although Vroom did move the funds out of the country by transferring them to the trust account of an attorney in London, he did so with Coghill’s permission and knowledge. Although the placement of the funds may have violated the licensing requirements of chapter 494, the facts of this case do not support the inference that this was being done for a criminal purpose, i.e., attempting to deprive Coghill of the use of his funds.
 

 On appeal, Vroom also challenges several of the trial court’s evidentiary rulings. Because we conclude that the State’s evidence was insufficient to support the grand theft conviction, we need not address these rulings. Additionally, Vroom challenges the trial court’s restitution award; however, we affirm that award without comment.
 

 In conclusion, we affirm Vroom’s convictions for the three counts of collecting an advance fee but reverse his conviction for grand theft and remand with instructions to vacate that judgment and sentence and enter a judgment of acquittal as to that charge only. Because the grand theft was the primary offense on Vroom’s sentencing scoresheet, he is entitled to be resentenced on the remaining three counts using a corrected scoresheet.
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 KHOUZAM and MORRIS, JJ., Concur.
 

 [1]
 

 . Section 812.014 provides in part:
 

 (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
 

 (a) Deprive the other person of a right to the property or a benefit from the property.
 

 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.