LEVINE, J.
Appellant was convicted of attempting to obtain a mortgage by false representation, grand theft in the first degree, and providing false information to defraud a financial institution. We find that the trial court erred in reducing the count of obtaining a mortgage by false representation to an attempt, instead of granting a judgment of acquittal. We also find that the trial court erred in not granting a judgment of acquittal as to grand theft in the first degree. Finally, as to providing false information to defraud a financial institution, we find that the trial court correctly denied the judgment of acquittal, and we affirm appellant’s conviction for that count.
Appellant obtained a $815,000 mortgage in order to purchase land and build a home. Appellant approached his girlfriend’s cousin, a mortgage broker, in order to obtain financing. Appellant filled out a uniform residential loan application and listed his gross monthly income as $8,900 per month. The loan application process required appellant to fill out a second loan application, where appellant again listed his gross income as $8,900 per month. At closing, appellant listed his income as $8,900 per month a third time. The state’s theory of prosecution was that appellant falsified his monthly income by inflating it in order to qualify for approval for the mortgage. The state presented evidence that appellant’s wages in 2003, 2004, and 2005 were less than the income reported by appellant on his mortgage application. The state contended that the evidence of the incomes presented in appellant’s income tax returns proved that appellant submitted false information on the mortgage application.[1]
*376 At trial, appellant moved for judgment of acquittal on all three counts. As to the count of obtaining a mortgage by false representation, after the state conceded that there was only circumstantial evidence of reliance by the bank on appellant’s false information in issuing the mortgage, the trial court granted a judgment of acquittal and reduced that count to an attempt.[2] The trial court denied the other motions for judgment of acquittal, and appellant was convicted of the three counts. This appeal ensued.
A motion for judgment of acquittal is reviewed under a de novo standard of review. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.” Id. However, “[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989).
Appellant was convicted of attempting to obtain a mortgage by false representation. The statute specifically provides:
Any person who, with intent to defraud, obtains any mortgage, mortgage note, promissory note or other instrument evidencing a debt from any person or obtains the signature of any person to any mortgage, mortgage note, promissory note or other instrument evidencing a debt by color or aid of fraudulent or false representation or pretenses, or obtains the signature of any person to a mortgage, mortgage note, promissory note, or other instrument evidencing a debt, the false making whereof would be punishable as forgery, shall be guilty of a felony of the third degree....
§ 817.54, Fla. Stat. (2009).
Further, to prove this crime, there must be evidence of the victim’s reliance on the defendant’s misrepresentation. Adams v. State, 650 So.2d 1039, 1041 (Fla. 3d DCA 1995). Section 817.54 “criminalizes a specific form of false pretense crime. Accordingly, the victim’s reliance on the false or misrepresented information is an essential element of the offense.” Id. (citations omitted). In this case, the alleged fraud was completed. The forms indicating appellant’s monthly income were filled out and submitted for consideration of a mortgage. The state, however, was unable to introduce evidence that the bank issuing the mortgage specifically relied on the forms filled out by appellant certifying his monthly income. A conviction for mortgage fraud will be vacated where there is no proof of reliance on the misrepresentation by the victim. See Grant v. State, 43 So.3d 864, 868-69 (Fla. 5th DCA *377 2010); Pizzo v. State, 910 So.2d 287, 293 (Fla. 2d DCA 2005).
As a way to circumvent this problem of proof, the state sought to proceed on this count as an attempt. The state asserted that appellant’s conduct amounted to an attempt without the necessity of proving reliance.[3] We find that the trial court erred in allowing the case to proceed as an attempt and not granting a judgment of acquittal. “Criminal attempt requires three elements: the intent to commit a crime, an overt act towards its commission, and failure to successfully complete the crime.” Bist v. State, 35 So.3d 936, 941 (Fla. 5th DCA 2010). In the present case, there was no evidence of a failure to complete the crime. In fact, there was evidence that the crime was completed—the submission of a misrepresentation in order to obtain a mortgage. The problem was proof of reliance, not completion of a crime. We, thus, reverse and remand for the trial court to grant a judgment of acquittal on this charge.
As to the charge of grand theft in the first degree, we find that the trial court also erred in not granting a judgment of acquittal. We find that the state did not provide evidence that appellant intended to deprive the victim of its property at the time of the taking. The state based its argument—that appellant never intended to pay back the monies borrowed from the bank—on the evidence that appellant misrepresented the amount of money he made per month in order to qualify for the mortgage. However, this was insufficient to support a conviction for grand theft. See Vroom v. State, 48 So.3d 82, 84 (Fla. 2d DCA 2010) (finding the evidence insufficient to support grand theft conviction where it showed only that the defendant’s “financial condition at the time of the requested repayment was not consistent with that represented in the financial disclosure statement”).
Finally, as to the count of providing false information to defraud a financial institution, we find that the trial court did not err in denying appellant’s motion for judgment of acquittal. We find that there was competent, substantial evidence for the jury to find that appellant defrauded the bank by giving false information about his monthly income when he claimed three times that he made $8,900 per month. See United States v. Honarvar, 477 F.3d 999, 1001 (8th Cir.2007) (“The jury could decide for itself which evidence it found more persuasive and make a sound determination regarding the falsity of [defendant’s] statements” by comparing representations of income on credit card applications with income tax returns).
In summary, we find that the trial court erred in not granting judgments of acquittal for grand theft in the first degree and obtaining a mortgage by false representation. As such, we reverse and remand those convictions, and we affirm the conviction for providing false information to defraud a financial institution.

Affirmed in part, reversed in part, and remanded.

TAYLOR and HAZOURI, JJ., concur.

. Appellant’s tax preparer testified that appellant’s wages in 2003 were $21,068. In 2004, appellant’s adjusted gross income was $1,555, with total gross receipts of about $94,000. Another tax preparer testified that appellant’s adjusted gross income in 2005 was negative $4,273. Appellant had gross receipts of $83,080 that year. None of the evidence admitted demonstrated income to corroborate the $8,900 per month income listed by appellant.

. By conceding that there was only circumstantial evidence, the state appeared to believe that it could proceed only with an attempt of the substantive crime. As the record demonstrates:
[THE STATE]: I think I’m going to concede on — on—well, I will — I will concede that we — we the only evidence that we have of — of the fact that the victim was deceived would be circumstantial evidence. It would be circumstantial evidence there. And that is—
[[Image here]]
THE COURT: Okay. All right.... Well, what happens with count one then, do I reduce it to attempt?
[THE STATE]: Judge, under — under the Adams case, yes, that’s what' — essentially what they say cause we — the Adams case really — for—for a different reason goes to that same — that same reasoning that there's an attempt.
[[Image here]]
THE COURT: Okay. I’ll grant the JOA on count one reducing it to an attempt....

. The trial court relied on Adams to permit the state to proceed on an attempt to obtain a mortgage by false representation charge. We distinguish Adams from the case at bar. In Adams, the defendant's false representations were discovered prior to the approval of the loan. 650 So.2d at 1040. Thus, the defendant failed to complete the crime. The loan was never completed and the misrepresentation never relied upon.