NORTHCUTT, Judge.
A jury convicted Timothy Green of two counts of grand theft. We find merit in his challenge to one of those convictions, involving Argent Mortgage Company. We affirm without discussion on Green’s other two points on appeal, the first challenging his other grand theft conviction, and the second asserting error in the trial court’s exclusion of evidence.
In August 2004, Green was working as a mortgage broker. He arranged for his mother to purchase a piece of real estate in Florida, and he acted as her agent in obtaining a $126,000 mortgage on the property. Green submitted a mortgage application to Argent that contained inaccurate and false information. For example, the application represented that the property would be owner-occupied, when in fact Green’s mother lived in Ohio and never intended to permanently move to this state. Several of the representations about Ms. Green’s income were inconsistent and one of the representations was utterly false. Her income was stated on the application to be $3300 per month, but a bank document introduced at trial showed that she received monthly retirement benefits of only $1634.90. An Argent representative testified that the application would have been declined if it had been based on Ms. Green’s actual income.
After obtaining the mortgage loan to his mother, Green himself actually made the payments to Argent. It is undisputed that *837 every installment was paid on time and that the loan was repaid in full about six months after it was funded.
The State charged Green with grand theft of property valued at $100,000 or more. § 812.014(2)(a)(l), Fla. Stat. (2004). A person
commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) deprive the other person of a right to the property or a benefit from the property, or (b) appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
§ 812.014(l)(a), (b).
To support a conviction, the State must prove that the accused knowingly obtained the property of another with the intent to either deprive the other person of the property or to appropriate the property for his own use. Ginn v. State, 26 So.3d 706, 712 (Fla. 2d DCA 2010). The intent to steal is a necessary element of theft, and the State bears the burden of establishing that the alleged stolen property was taken with this intent. Id. Intent, a state of mind, is rarely susceptible of direct proof. It is almost always shown solely by circumstantial evidence. Sebastiano v. State, 14 So.3d 1160, 1165 (Fla. 4th DCA 2009). As such, the State’s case is subject to the rule that “[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989).
In this case, the State’s theory of theft was that Green obtained the funds from Argent by misrepresentation or false pretenses. Certainly, obtaining another’s property “by fraud, willful misrepresentation of a future act, or false premise” or by “false pretenses, fraud, or deception” can constitute the crime of theft. § 812.012(c), (d)(1); Hebert v. State, 25 So.3d 612, 614 (Fla. 1st DCA 2009), review denied, 36 So.3d 655 (Fla.2010). No one really disputes that the documents submitted to Argent were sufficient to prove that Green obtained the mortgage by these means. But while the misrepresentations could provide circumstantial evidence of Green’s intent to steal, i.e., to deprive Argent of its money, that inference was contradicted by the fact that Green made every payment on the loan when it came due, and in fact repaid the mortgage in full.
As the court observed in Barrios v. State, 75 So.3d 374 (Fla. 4th DCA 2011), a misrepresentation on a mortgage application does not prove that the applicant never intended to repay the borrowed funds. Cf. Vroom v. State, 48 So.3d 82, 84 (Fla. 2d DCA 2010) (noting that while evidence established that the victim had been deprived of funds because of a mortgage broker’s actions, the State failed to prove that the broker intended to deprive the victim of his funds; the fact that the broker was not very successful in selling loans did not establish that he knew he would be unable to complete a transaction a client had paid him for; conviction for grand theft reversed). Likewise, here the evidence of Green’s misrepresentations on the mortgage application was not inconsistent with the reasonable hypothesis that he intended to repay the loan.
We reverse Green’s conviction for grand theft of Argent’s property. We remand to the circuit court to discharge him on this crime and to resentence him based solely on his other conviction for grand theft.
Affirmed in part, reversed in part, and remanded.
*838 KELLY, J., Concurs in result only.
ALTENBERND, J., Concurs Specially.