THOMAS, J.,
dissenting.
I respectfully dissent, because the State submitted competent evidence from which a rational trier of fact could reject Appellant’s self-serving testimony that he did not possess the cocaine with intent to sell. See Twilegar v. State, 42 So.3d 177, 188-89 (Fla.2010) (noting that in circumstantial-evidence case, state produced competent evidence to support conclusion that rational trier of fact could find guilt beyond reasonable doubt and reject hypothesis of innocence). Although I acknowledge that the decision cited by the majority supports its conclusion, I disagree with that decision, which is not binding on this court. Rather, I rely on the decisions recognizing that intent must almost always be based on circumstantial evidence, and thus, should rarely be the basis for a court order granting a motion for judgment of acquittal. State v. Waters, 436 So.2d 66, 71 (Fla.1983); Green v. State, 90 So.3d 835, 837 (Fla. 2d DCA 2012). In fact, intent usually is inferred based on circumstantial evidence. See Hardwick v. State, 630 So.2d 1212 (Fla. 5th DCA 1994). Furthermore, no jury is required to believe Appellant’s self-serving testimony, and neither is this court.
*562 The decision as to whether Appellant’s claim that he possessed the drug for personal use is for the jury to determine, as it alone has the authority to decide whether the strength of the circumstantial evidence outweighs Appellant’s hypothesis of innocence, which in this case is quite unreasonable.
Here, we must view the evidence in a light most favorable to the State, as required by Orme v. State:
In sum, the sole function of a trial court on motion for directed verdict in a circumstantial-evidence case is to determine whether there is prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories. If there is such inconsistency, then the question is for the trier of fact to resolve.
677 So.2d 258, 262 (Fla.1996) (emphasis added). There is just such an inconsistency in this case. The evidence here, including the amount of drugs, the amount of cash, and the lack of paraphernalia, contradict Appellant’s hypothesis of innocence, which was not required to be accepted by the jury.
In addition, although not dispositive here, I fully concur with the opinion in Knight v. State, 107 So.3d 449 (Fla. 5th DCA 2013), that the “special standard” of appellate review in circumstantial-evidence cases is not supported by law or logic. The United States Supreme Court held more than thirty years ago, in Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that “[ojnly under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt could this petitioner’s challenge be sustained. That theory the Court has rejected in the past. Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150. We decline to adopt it today.” I agree with the Fifth District that the Florida Supreme Court should reconsider case law providing a different standard of review in one class of cases based on the type of evidence submitted to the jury. Florida courts should apply the “rational trier of fact” appellate standard of review utilized in direct evidence cases to all legal sufficiency arguments. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). Under that standard, Appellant’s argument on appeal would properly be rejected, as competent, substantial evidence supports the jury’s verdict.
Even under the “special standard” applicable to circumstantial-evidence cases, however, I would affirm. Pagan v. State, 830 So.2d 792 (Fla.2002). Thus, I respectfully dissent.