IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VERNORD LAVON BRIGHT,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.                             CASE NO. 1D15-0150

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed April 12, 2016.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, and Joanna A. Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant, Vernord Lavon Bright, challenges his convictions and sentences for two counts of sexual battery with a deadly weapon. Appellant raises several issues but we write only to address the trial court's denial of his motion for

judgment of acquittal (JOA) on one of the two counts. Because we find that the evidence that Appellant used or threatened to use a deadly weapon in the process of committing the first sexual battery was legally insufficient, we reverse that conviction and remand for entry of judgment of conviction for sexual battery without a deadly weapon. We reject Appellant's other arguments without comment.

Viewing the evidence in a light most favorable to the State, the victim, after driving around with Appellant earlier that night, awoke in a shed to Appellant having vaginal sex with her. This act led to the first count of sexual battery with a deadly weapon. Appellant then went outside, retrieved a firearm, and returned to commit anal sexual battery upon the victim. This act led to the second count of sexual battery with a deadly weapon. The defense moved for JOA on Count I, arguing that there was no evidence connecting the use or threatened use of a deadly weapon in the process of the vaginal sexual battery. The trial court denied the motion for JOA, and the jury found Appellant guilty as charged on both counts.

A trial court's denial of a motion for judgment of acquittal is reviewed *de novo*. Jones v. State, 4 So. 3d 687, 688 (Fla. 1st DCA 2009). The question presented by such a motion is whether, in a light most favorable to the State, the evidence is legally sufficient to support the charge. Ridgeway v. State, 128 So. 3d 935, 936 (Fla. 1st DCA 2013). In reviewing a trial court's denial, an appellate

2

court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State. Lukaszewski v. State, 111 So. 3d 212, 213 (Fla. 1st DCA 2013).

Section 794.011(3), Florida Statutes (2014), provides that "[a] person who commits sexual battery upon a person 12 years or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon" commits a life felony. The record does not include competent and substantial evidence from which a jury could find that Appellant, in the process of the vaginal sexual battery, used or threatened to use a deadly weapon. The evidence was sufficient, however, for the jury to have found each of the elements for sexual battery upon a person 12 years of age or older, which is a lesser-included offense of the charged offense. § 794.011(5)(a), Fla. Stat. (2014). Accordingly, we direct the trial court to adjudicate Appellant guilty of sexual battery. See § 924.34, Fla. Stat. (2014); see also State v. Sigler, 967 So. 2d 835, 844 (Fla. 2007) ("[W]hen all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense.").

Therefore, we REVERSE Appellant's judgment on Count I and REMAND with instructions for the trial court to enter judgment for sexual battery and resentence accordingly. The judgment and sentence for Count II is AFFIRMED.

WOLF, LEWIS, and WINOKUR, JJ., CONCUR.